## THE STATE *v.* HUGGINS ET AL.

HIGHWAY.—*Change of Highway by Gravel Road Company.—Vacation of Same.*—Where a gravel road company, in pursuance of law, with the consent of the county commissioners, located its road upon a county road, and afterward, by its board of directors, made a slight change in the line of the road, for a distance of less than half a mile, not thereby increasing the distance for travel more than one-eighth of a mile, if in making such change the provisions of the act of March 9th, 1867 (3 Ind. Stat. 294), were complied with, that part of the road abandoned by the change was thereby vacated. Such change might be made after the gravel road had been constructed, as well as before.

SAME.—Where such abandoned portion of the highway ran through the lands of different persons, such abandonment could not operate as a vacation of the highway, although the statute was in other respects complied with, and all the owners of the land consented to the abandonment.

SAME.—*Legislative Power.*—The legislature has power to determine what circumstances shall vacate a public highway, and that upon the occurrence of such circumstances it shall be deemed vacated without judicial determination.

From the Marion Criminal Circuit Court.

*J. C. Denny,* Attorney General, *R. P. Parker,* Prosecuting Attorney, *B. K. Elliott,* and *A. C. Ayers,* for the State.

*R. B. Duncan* and *J. S. Duncan,* for appellees.

WORDEN, J.—This was a prosecution in the court below against the appellees for obstructing a highway. On trial the defendants were acquitted. The State brings the case here on certain reserved questions, for the decision of this court thereon.

The road alleged to have been obstructed was formerly

known as the Bethel County Road.   About ten years before
the commencement of the prosecution, a gravel road com-
pany located her road upon this highway, in pursuance of
law and with the consent of the proper board of county
commissioners.   1 G. & H. 475, sec. 4.

A short time before the commencement of the prosecu-
tion, the gravel road company, by her board of directors,
made a slight change in the line of her road, for a distance
of less than half a mile, not increasing the distance for pub-
lic travel more than one-eighth of a mile, and ordered the
old line, so far as the change was made, to be vacated.   The
defendants thereupon fenced up the old line, the new being
opened and ready for travel.

The defendants offered in evidence the record of the order
of the gravel road company making the change, but the
State objected, " because the same was not competent evi-
dence to justify or excuse the acts of the defendants in
obstructing the alleged highway," but the objection was.
overruled, and the State excepted.   This is one of the
reserved questions.

In order to an understanding of the question presented,
reference must be had to the statutes under which the pro-
ceedings seem to have been had.   By the statute above cited,.
gravel road companies may locate their roads upon high-
ways with the consent of the board of commissioners.   By
the fifteenth section of the same statute, gravel road compa-
nies are authorized to change the line of their roads, not.
avoiding the points mentioned in their articles of association.
When the charter of the gravel road company is declared
forfeited, such forfeiture operates as a vacation of the road.
But where the ground upon which it was located was a pub-
lic highway, it shall be deemed a highway and worked as
such.   1 G. & H. 492, sec. 6.

When gravel road companies suffer their roads to get out
of repair and abandon the same, the proper boards of com-
missioners may take charge of them and annex them to

proper road districts, to be maintained and kept in repair as other roads. 1 G. & H. 250.

None of these provisions, it will be seen, determine the effect, upon the old road, of a change in the line of the gravel road company's road, where it was located upon a highway. This is provided for, however, by the act of March 9th, 1867. 3 Ind. Stat. 294. The act is as follows:

"Section 1. Be it enacted by the General Assembly of the State of Indiana, that in all cases in which any plank, macadamized or gravel road shall have been, or may hereafter be, by any corporation or corporations organized for the construction of any such roads, located by and with the consent, duly given, of the proper board or boards of county commissioners, over and upon any highway or highways in this State, and such corporation or corporations, in the building or construction of any such plank, macadamized or gravel road or roads, shall have abandoned, or may hereafter abandon, the line of any such highway or highways, for any distance not exceeding one-half mile, and the distance for public travel shall not be thereby increased more than one-eighth mile, and the portion or portions of such highway or highways so abandoned shall be upon the land of one person only, and such abandonment shall have been made with the consent of the owner of the land, and by the vacation thereof no other public highway will be obstructed, such abandoned portions of such highway or highways shall be, and the same are hereby vacated.

"Sec. 2. There being now no statute vacating highways in the cases herein provided for, therefore this act shall be in force from and after its passage."

The objection urged by the counsel for the State, as we understand their brief, to the introduction of the record of the order of the gravel road company, is, that it does not show on its face the existence of such facts as were necessary, in order that the change made should operate as a vacation of the old road so far as the change was made. This objection does not seem to us to have been well taken. The

board of directors of the gravel road company had authority to make the change in the line of their road, and in doing so they were not acting in a judicial capacity. Whether the change made by them was such as to work a vacation of the old highway upon which the gravel road was built, was a question upon which they had no right to pass. Whether the change made was such as comes within the statute above quoted, and whether, therefore, it operated to vacate the old highway *pro tanto*, depended upon the facts to be shown upon the trial. The record was clearly competent to prove the change; and whether the change was such as to work a vacation depended upon the facts, which clearly might be shown outside of the record making the change. We regard the order of the board of directors of the gravel road company, so far as it purports to vacate the old highway or any part of it, as such, as superfluous.

If the abandonment of the old highway was such an one as is contemplated by the statute above set out, all the facts therein required existing, then the statute makes the vacation without any assistance from the gravel road company. If, on the other hand, the abandonment was not such an one as is contemplated by the statute, the gravel road company could not, by any order it could make, effect the vacation. It might relinquish its own rights, but it could not deprive the public of theirs.

We are of opinion that no error was committed in admitting the record in evidence.

We think it is within the power of the legislature to determine what circumstances shall vacate a public highway; and that, upon the occurrence of those circumstances, the highway shall be deemed vacated, without any previous judicial determination.

The court read to the jury the act of March 9th, 1867, above set out, and instructed them that there was no other act now in force relating to the vacation of said road. It is objected that this charge was erroneous, and several statutes are cited. There is no other statute that has any relation to

such a state of facts as was before the jury, and the court committed no error in giving the charge.

It is said in the brief of the counsel for the State, that "it was error for the court to instruct 'that all of the land-owners consented.'" We do not find from the record that the court did so instruct.

The evidence showed that Bergman and Klasing jointly owned the most of the land on which that portion of the old road which was changed ran; but it also tended strongly to show that some portion ran upon the land of one, if not two others. The court, after reading to the jury the statute above set out, proceeded with its charge as follows:

" 1. Was the road now fenced across located by and with the consent, duly given, of the Board of Marion county Commissioners?

" 2. Was the portion so obstructed abandoned by the company?

" 3. Did the distance so abandoned exceed one-half mile, and the distance for public travel not thereby increased more than one-eighth of a mile?

" 4. Was the portion so abandoned done with the consent of all the owners of the land?

" 5. By the vacation thereof is no other public highway obstructed?

" If you find from the evidence that the road was so located and abandoned as aforesaid; that it did not exceed one-half mile, and did not increase the travel as above stated, and was with the consent of all the owners of the land, and the vacation thereof does not obstruct any other highway, then the defendants are not guilty. If to the contrary, the defendants are guilty. The statute, in the vacation of the road, must be pursued, and the statute read points out when and in what manner such portion of the road shall be vacated."

It is urged by the counsel for the State, that the instruction is wrong, inasmuch as it assumes that an abandonment, by a change of a portion of the line after the gravel road had once been constructed upon a highway, would have the

same effect as if, in the original construction of the gravel road, a part of the highway had been abandoned. Their position is, that after a gravel road has been once constructed and built upon a highway, no subsequent abandonment will operate as a vacation of the highway under the statute. This inference they draw from the language of the statute "in the building or construction of any such plank," etc., "roads." We do not so construe the statute. We think "the building or construction" of the gravel road upon a new line in part, either originally or subsequently by virtue of a change made, all other necessary things concurring, will operate to vacate the abandoned portion of the highway.

But the charge is fatally erroneous in another particular, which is insisted upon by the counsel for the State. It enumerates the particulars supposed to be necessary in order that the abandonment should operate as a vacation, and tells the jury that if they are established by the evidence the defendants are not guilty. Among the particulars thus enumerated is the consent of all the owners of the land to the abandonment. This assumes that if the abandoned portion of the highway ran through the land of several persons, their consent to such abandonment, all other requisites being established, would operate as a vacation. In this we think the court below erred. Such is not the statute. The statute is, "and the portion or portions of such highway or highways so abandoned shall be upon the land of one person only, and such abandonment shall have been made with the consent of the owner of the land," etc. Under this statute, it is very clear that where the abandoned portion of the highway belongs severally to different persons, such abandonment does not operate to vacate the highway, although all the owners of the land consent to the abandonment. This is so because the legislature saw proper to limit the vacation expressly to cases where the abandoned portion is upon the land of one person only. With the policy of the act we have nothing to do. It is simply our duty to declare

what the law is and apply it, and not to declare what it ought to be. As there were owners of the land besides Bergman and Klasing, it is not necessary to enquire whether they, being joint tenants, should be regarded, for the purposes of this statute, as one person or otherwise.

For the error in the charge given, the appeal is sustained at the costs of the appellees.