## BEARDEN & TURNBULL v. HOLLAND.

LUMPKIN, J. 1. The pleadings and evidence in this case did not require the court to charge on the hypothesis of estoppel, or of consent by the landlord for his tenant, holding through a contract under the act of 1901 as amended by that of 1903 (Acts 1901, p. 64; Acts 1903, p. 91), to move from his land, abandon his contract with the landlord, and become employed by the owner of other lands, and the employing him by the owners on the faith thereof. Accordingly there was no error either in omitting to charge on that subject, or in refusing to give the charge invoked by the request of the defendants.

2. The overruling of a demurrer furnishes no ground for a motion for a new trial, and can not be reviewed by that means.

3. A mere general statement in a motion for a new trial, that "there is no valid law under which a recovery could be had in said case, or under

which a verdict could be sustained," raises no question as to the validity of any particular law, and adds nothing to the general grounds complaining of the verdict as contrary to law and the evidence.

4. In the light of the evidence and the entire record, the verdict, approved by the presiding judge, will not be set aside by this court.

5. The judgment complained of in the main bill of exceptions being affirmed, the cross-bill is dismissed.

*Judgment on main bill of exceptions affirmed. Cross-bill of exceptions dismissed. All the Justices concur.*

FEBRUARY 18, 1910.

Action for damages. Before Judge Lewis. Morgan superior court. December 9, 1908.

*F. C. Foster,* for Bearden & Turnbull.

*Percy Middlebrooks* and *Samuel H. Sibley,* contra.