## Commissioners of Sumter County v. McMath et al.

Fish, C. J.   McMath and others, citizens of Sumter county, applied to the
judge of the superior courts of the Southwestern circuit, under the pro-
visions of the Civil Code, § 5441, for a mandamus against the commis-
sioners of roads and revenues of that county, to compel them to have
a designated public road of the county worked and repaired, so as to
bring it up to that standard now required by existing laws of this
State, as embodied in the Civil Code, §§ 632, 633, 654, and so that
ordinary loads, with ordinary ease and facility, could be continuously
hauled over such road.   The answer of the defendants raised material
issues of fact which were submitted to a jury during term.   *Held:*

1. Evidence offered by the defendants was immaterial and inadmissible
   which tended to show: (*a*) that the road complained of was "up to the
   average roads, other than graded roads, in Sumter county;" (*b*) that in
   another designated road in the county, before it was graded, "there were
   places where people in traveling the road turned out of the main right
   of way, as was done on the road in question;" (*c*) that the road in
   question was "comparatively as good as the other roads of the county,"
   or as good as the average roads of the same class in the county; (*d*)
   and that holes had been seen in "the graded roads in the county."

2. One ground of the defendants' motion for a new trial is: "Because, as
   movants contend, the court erred in refusing to allow the defendants,
   over the objection of the plaintiffs, to prove by R. G. Christian, superin-
   tendent of the roads of the county, 'whether, with the force you have,
   you have been able to maintain all the roads in the county so that they
   were free from stumps, trees, bushes, at least on first-class roads thirty
   feet wide, on second-class roads twenty feet wide, and third-class roads
   sixteen feet wide, and driveways for carriages five feet six inches wide,
   and absolutely free from obstruction.'   Counsel for defendants stated
   that he expected to prove by this witness that such is a fact, and that
   such fact was material to the issues in the case.   Said ruling is error,
   for the reason that was stated to the court at that time, indicated
   herein, and for the further reason that it was not the intention of the
   law to give one citizen the right to require the defendants to work and
   maintain any particular road to the standard as required by law."   No
   sufficient assignment of error is made in this ground, for the reason that
   it does not appear therefrom which fact was sought to be proved by the
   witness, whether he had been able, or whether he had not been able, to
   maintain all the roads in the county so that they were free from
   stumps, etc.

3. Nor is there a sufficient assignment of error in the following ground of
   the motion for new trial: "Because the movants contend the court erred
   in refusing to allow [one of the defendants] as a witness for the defend-
   ants to answer the following question: 'How long would it take to go
   over all the roads in Sumter county and to keep them free from stumps,
   holes, ruts, and roots?'" it not appearing what answer the witness
   would have made to the question.

4. The court instructed the jury as follows: "I charge you that if you
   should determine that this road was either a second-class or third-class

road, that it was kept and maintained in accordance with the law and the standard as required by the law for that class of roads—whether second-class road or third-class road—whichever you may determine it was, then if the road got in a bad condition from heavy rains or matters of that character, if while in that condition it had been destroyed or injured or put out of that condition by excessive or heavy rains, the county commissioners would be entitled to a reasonable time (and it is a question for the jury to determine as to what would be a reasonable time) to put said road back in the condition in which the law requires such roads to be maintained." This charge related to one of the defenses set up, to the effect that the road in question, if not in the condition required by law, was out of repair by reason of recent heavy rains, and that the defendants had not had sufficient time, with the force at their command, to repair it and the other public roads of the county which had also been damaged by excessive rains. The instruction was therefore not erroneous, and especially in view of the whole charge: (*a*) as in effect telling the jury that "unless the road in question was up to the standard as required by law before the injury occasioned by heavy rains, then the fact that rains had washed and ruined the road in question would be no reason why a mandamus absolute should not be granted;" or "(*b*) because said charge is inconsistent with and contrary to the following portion of the charge of the court to the jury in said cause: 'If the facts disclose that the road is not below that standard, that is, that reasonable loads with reasonable ease and facility can be transported continuously over said road, then the plaintiffs would not be entitled to a verdict in their favor.' "

5. Another ground of the motion for new trial was that "the court erred in giving the following in charge to the jury: 'If you should find against the plaintiffs and in favor of the defendants, that is, that the road is maintained in such manner (as the court has already explained) that reasonable loads could be continuously hauled over it with reasonable ease and facility, then it would be your duty to render a verdict finding in favor of the defendants.' " The error assigned upon this excerpt from the charge is that the court thereby "instructed the jury that the road in question must not only be such that reasonable loads can be continuously hauled over it with reasonable ease and facility, but that it must be up to the standard also, as prescribed by §§ 632 and 633 of the Code of 1910." The exception is without merit. The Civil Code, § 5441, authorizes judges of the superior courts, and makes it their duty upon a proper showing made to them, "to issue the writ of mandamus against such parties having charge of and supervision over the public roads of such county, and to compel by such proceedings the building, repairing, and working of such public roads as are complained of, up to that standard now required by existing laws of this State as embodied in said sections [two of them being §§ 632 and 633], and so that ordinary loads, with ordinary ease and facility, can be continuously hauled over such public roads." Certainly a public road over which reasonable or ordinary loads can not, with reasonable or ordinary ease and facility, be hauled is not up to the standard required by law in this State.

6. The assignments of error upon the failure of the court to instruct the

jury in certain particulars, not being referred to in the brief of counsel for plaintiff in error, must be considered as abandoned.

7. The evidence authorized the verdict and the court did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*
JULY 9, 1912.

Mandamus. Before Judge Littlejohn. Sumter superior court. January 29, 1912.

*R. L. Maynard,* for plaintiffs in error. *W. T. Lane,* contra.