### BENNETT *v.* PATTEN.

GILBERT, J. 1. A female witness, though residing in the county, is not obliged, as a general rule, to attend court in order to testify. The statute makes provision for the examination of such a witness by interrogatories. Such a witness, however, may be compelled to attend by order of the court, for sufficient reasons assigned. In the present case it does not appear that plaintiff applied to the court for any order requiring the attendance of the female witness, nor was any special reason assigned why her attendance was necessary in the furtherance of justice. *Powell* v. *Augusta &c. R. Co.*, 77 *Ga.* 192, 198 (3 S. E. 757); *Augusta &c. R. Co.* v. *Randall*, 85 *Ga.* 297 (5), 315 (11 S. E. 706). It was not erroneous, under such circumstances, to overrule the motion for continuance of the case.

2. It was not error requiring the grant of a new trial to refuse to allow the plaintiff, as witness in his own behalf, to testify to the correctness, as a whole, of an exhibit attached to the petition and read to the jury by plaintiff's counsel, enumerating a list of payments alleged to have been made by the plaintiff to the defendant, and estimated credits which the plaintiff proposed to deduct therefrom.

3. The assignment of error to the effect that the court excluded all of the testimony of the plaintiff, refused to permit him to testify and introduce evidence, refused to direct a verdict in his favor, and directed a verdict for the defendant, is without merit.

(a) An assignment of error complaining of an exclusion of testimony, or of a refusal to admit testimony, is insufficient where the testimony is not literally or in substance set forth in the motion or attached thereto as an exhibit. *Whigby* v. *Burnham*, 135 *Ga.* 584 (69 S. E. 1114); *Commissioners of Sumter County* v. *McMath*, 138 *Ga.* 351 (3) (75 S. E. 317).

(b) It is never reversible error to refuse to direct a verdict. *Central of Georgia Ry. Co.* v. *Mote*, 131 *Ga.* 166 (62 S. E. 164); *Cureton* v. *Cureton*, 132 *Ga.* 745 (4), 752 (65 S. E. 65).

4. The overruling of a motion by the plaintiff to strike the defendant's answer, which is in the nature of a general demurrer, can not legally be made a ground of a motion for new trial. *Bearden* v. *Holland*, 134 *Ga.* 70 (67 S. E. 432).

5. After the rulings above referred to, the only evidence before the jury was a purchase-money note signed by the plaintiff and payable to the defendant, who had filed a cross-petition setting up the indebtedness due to him by the plaintiff on the note, praying for judgment for the amount thereof, and offering to do full and complete equity to the plaintiff. Two minor children of the defendant appeared by guardians ad litem, and filed pleas adopting the answer of the original defendant. The evidence demanded a verdict for the defendant, and it was not error for the court so to direct. The fact that the court also directed, as a part of the verdict, that title to the land in question be decreed in the plaintiff upon payment of the amount of the judgment rendered, and entered a decree to that effect, was beneficial to the plaintiff, and is not a matter of which he can complain.

None of the rulings complained of show cause for reversing the judgment.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 518.    APRIL 12, 1918.

Equitable petition. Before Judge Thomas. Berrien superior court. July 28, 1917.

J. S. Bennett filed a petition against W. F. Patten, praying for rescission of a contract by which Patten had sold to him certain land and executed a bond to convey the title thereto upon payment of the purchase-money; alleging that after the execution of said contract and the payment of a portion of the purchase-money he had discovered that the defendant did not have valid title to the land and was unable to comply with the contract, praying that the note be delivered up and canceled, and offering to surrender for cancellation the bond for title. When the case was called for trial a motion for continuance was made by the plaintiff, on the ground of the absence of a named female witness. The court directed a verdict for the defendant. The plaintiff moved for a new trial, on grounds indicated in the headnotes. The motion was overruled, and the plaintiff excepted.

*Hendricks, Mills & Hendricks,* for plaintiff.
*E. P. S. Denmark* and *J. A. Alexander,* for defendant.