### 38522. SWINEY v. DEKALB COUNTY *et al.*

CARLISLE, Judge. The petition in this case alleges that the plaintiff is the owner of land abutting on Old Shallowford Road in DeKalb County near where it crosses the north fork of Peachtree Creek; that the defendant county, on its own account, or the State Highway Department acting for and in conjunction with the county, relocated the road where it crosses Peachtree Creek, built a new bridge, or culvert, across the creek and graded and paved the road and approaches thereto; that as a part of the project of relocating and rebuilding the road and building the new bridge and culvert "the old bridge over said Old Shallowford Road was taken out and removed or allowed to fall in," and that, "because of said facts traffic can no longer cross over said creek upon said old road at the site of said old and formerly maintained bridge and can no longer use said Old Shallowford Road between the new Shallowford and the expressway by peti-

tioner's said property," and that, "said acts amount to an abandonment of said Old Shallowford Road as it existed along petitioner's property and they also amount to an abandonment of said former bridge." The petition alleges that the plaintiff is entitled to just and adequate compensation for damages sustained to his property and that before "said acts" were committed by the defendants, his property had a reasonable market value of $15,000 and that after the commission of said acts it had a reasonable market value of not exceeding $1,000.

Reasonably construed, the allegations of the petition seek damages solely on account of the failure of the county to maintain the old bridge on Old Shallowford Road across Peachtree Creek. The plaintiff does not allege that he has suffered any damage resulting from the new construction per se, or that the new construction denies him access which he formerly enjoyed to Old Shallowford Road. The only damage which the plaintiff shows he has suffered results from the failure of the county authorities to work and keep up the Old Shallowford Road and to maintain the bridge thereon, which road and bridge have not been discontinued or abandoned in the manner prescribed by law. In such circumstances, the only remedy of property owners affected by such failure is by mandamus to compel the county authorities to keep up and repair the road as an established road. *Wellmaker v. Lamar County Advisory Board*, 43 Ga. App. 816 (1) (160 S. E. 708). *Code* § 64-102. Under these circumstances, the trial judge did not err in sustaining the general demurrer and in dismissing the petition.

*Judgment affirmed. Townsend, P. J., and Frankum, J., concur. Jordan, J., not participating.*

DECIDED NOVEMBER 10, 1960—REHEARING DENIED NOVEMBER 21, 1960.

*Young H. Fraser, Carl T. Hudgins,* for plaintiffs in error.

*Eugene Cook, Attorney-General, Carter Goode, Paul Miller, Assistant Attorneys-General, George Dillard,* contra.