33682. McINTOSH COUNTY et al. v. FISHER et al.

MARSHALL, Justice.

The plaintiffs filed this complaint against the Commissioners of McIntosh County, alleging that the commissioners had declared abandoned a county road, which provided the only means of access to a dock on Black Island Creek. The stated purpose for abandoning the road was its diminishing use by the public, such that no public purpose would continue to be served by maintaining the road at public expense. In the complaint, which was filed by persons residing in the general vicinity, it was alleged that the road and dock had been in continuous and frequent use by numerous citizens of the county since the road had been deeded to the county in 1955. It was further alleged that the action of the commissioners in abandoning the road was a manifest abuse of discretion and constituted an illegal gift of the road and dock to the successors-in-interest to the original grantor. Wherefore, it was prayed that the commissioners' abandonment of the road be canceled and set aside. The case was

submitted to a jury, and a verdict was returned adverse to the commissioners. We have determined that the trial court erred in overruling the commissioners' motion for directed verdict. We, therefore, reverse.

It was held in *Marietta Chair Co. v. Henderson,* 121 Ga. 399, 403 (49 SE 312) (1904) that, "In the absence of constitutional limitations the lawmaking power of the State is vested with plenary authority in reference to the public streets and highways. It may declare an existing street vacated without providing for the submission of the question to judicial inquiry. All questions necessary to be determined in order to decide whether a street shall be vacated or abandoned and the interest of the public therein released are referred to the wisdom and discretion of the lawmaking power. McGee's Appeal, 114 Pa. St. 470; State v. Huggins, 47 Ind. 586. In the absence of a constitutional restriction, the power to vacate a street may be delegated by the lawmaking body to municipal and other subordinate public corporations." Accord, *Lee County v. Mayor &c. of Smithville,* 154 Ga. 550 (1) (115 SE 107) (1924).

Through enactment of Code Ann. §§ 95A-618 and 95A-619 (Ga. L. 1973, pp. 947, 1023; 1974, pp. 1422, 1430) the General Assembly has delegated to the Department of Transportation, and to the counties and municipalities throughout the state, the authority to relocate or abandon public roads within their respective jurisdictions. Code Ann. § 95A-619 (b) provides, in material part, that "When it is determined that a section of the county road system has for any reason ceased to be used by the public to the extent that no substantial public purpose is served by it, the county, by certification recorded in its minutes, accompanied by a plat or sketch and after notice to property owners located thereon, may declare that section of the county road system abandoned."

This court did state in *Marietta Chair Co. v. Henderson,* supra, that: "Neither the General Assembly nor a subordinate public corporation acting under its authority can lawfully vacate a public street or highway for the benefit of a private individual. The street or highway can not be vacated unless it is for the benefit of the public that such action should be taken. The benefit

may be either in relieving the public from the charge of maintaining a street or highway that is no longer useful or convenient to the public, or by laying out a new street or road in its place which will be more useful and convenient to the public in general. If the public interest is not the motive which prompts the vacation of the street, whether partial or entire, the act of vacation is an abuse of power, and especially would it be a gross abuse of power if it is authorized without reference to the rights of the public and merely that the convenience of a private individual might by subserved." 121 Ga. at p. 407. Accord, *Stein v. Maddox,* 234 Ga. 164 (215 SE2d 231) (1975); *Griffith v. C & E Builders,* 231 Ga. 255 (2) (200 SE2d 874) (1973); *Dunlap v. Tift,* 209 Ga. 201 (71 SE2d 237) (1952).

In the present case, there was no evidence that the commissioners had declared the road abandoned in order to benefit a private individual. Looking to the evidence introduced by both sides at trial, the dispute in the case resolved itself into a question of whether the public interest would be served by continuing to maintain the road at public expense. There was evidence in this case that the abandoned road has "ceased to be used by the public to the extent that no substantial public purpose is served by it," as specified in Code Ann. § 95A-619 (b). We hold that under these circumstances, the action of the governmental authority in abandoning the road cannot be declared an abuse of discretion, at least on the ground that the governmental authority was erroneous in its determination that abandoning the road would be in the public interest.

It necessarily follows that the trial court erred in overruling the appellant's motion for directed verdict.

*Judgment reversed. All the Justices concur.*

SUBMITTED JUNE 2, 1978 — DECIDED SEPTEMBER 6, 1978.

*Daniel H. White,* for appellants.
*William E. Dismer,* for appellees.