S92A0778. CHEROKEE COUNTY v. McBRIDE et al.

(421 SE2d 530)

HUNT, Justice.

This appeal concerns a dispute between the county and owners of property abutting a deteriorated road regarding the county's duty to repair and maintain the road. The trial court granted the property owners' motion for partial summary judgment, finding the road was a public one, and ordered the county to repair it. Additionally, the trial court enjoined the county from abandoning the road without first compensating the property owners.

The trial court correctly held that the road is public, and properly compelled the county to repair and maintain it. OCGA § 9-6-21 (b). However, we reverse the trial court's ruling insofar as it requires the county to grade and pave the road, and otherwise comply with a recently enacted county ordinance concerning the building of residen-

tial streets. The ordinance sets development standards for new streets and does not apply to this case. Here, the county's duty is limited to repairing and maintaining an existing, albeit deteriorated, road. OCGA § 9-6-21 (b) does not require the county to do any more to an unpaved road which pre-existed the ordinance than that which it should have done all along: maintain the road "so that ordinary loads, with ordinary ease and facility, can be continuously hauled over [it]." Id. Accordingly, this case is remanded to the trial court for a determination of the extent of repairs and maintenance which the county is required to perform to meet its obligations under OCGA § 9-6-21 (b).[1]

We further hold the county is not authorized to abandon the road pursuant to OCGA § 32-7-2. The fact that no substantial public purpose is now served by the road is due to the county's failure to comply with its duty to repair and maintain it. Thus, we do not reach the issue of any taking which would require compensation under due process principles, and the trial court's order is reversed insofar as it would allow the county to abandon the road on payment of damages.

*Judgment affirmed in part, reversed in part and remanded. Clarke, C. J., Bell, P. J., Benham, Fletcher and Sears-Collins, JJ., concur.*

DECIDED OCTOBER 16, 1992.

*R. Mark Mahler,* for appellant.
*Flournoy & Gentry, William C. Gentry,* for appellees.

---

[1] That is, the trial court is directed to determine what steps are necessary for the county to bring the road up to the standard so that "ordinary loads, with ordinary ease," can be hauled over it. OCGA § 9-6-21 (b). See also *Commissioners of Sumter County v. McMath,* 138 Ga. 351, 352 (4) (75 SE 317) (1912). In this regard, we note the road connects to a graded, graveled, but unpaved road, which then connects to a state highway. The trial court may well consider whether it would be appropriate to require the county to repair and maintain the road at issue in the same manner as the unpaved road with which it connects. But see id. at 351 (1).