S94A0844. SMITH et al. v. BOARD OF COMMISSIONERS OF
ATHENS-CLARKE COUNTY, GEORGIA et al.
(444 SE2d 775)

Carley, Justice.

Appellant-plaintiffs own property along an unpaved road in Clarke County. Pursuant to OCGA § 9-6-21 (b), appellants sought mandamus to compel appellee-defendants to repair and maintain the road. Although mandamus was granted, appellees did not undertake the repairs and maintenance. Instead, they initiated procedures to abandon the road pursuant to OCGA § 32-7-2 (b) (1). Appellants then filed the instant action to enjoin appellees' abandonment of the road and to compel appellees to undertake repairs and maintenance of the road in accordance with the original grant of mandamus. The trial court denied appellants any relief and it is from that order that they appeal.

> OCGA § 32-7-2 (b) (1) provides, in relevant part, that, [w]hen it is determined that a section of the county road system has for any reason ceased to be used by the public to the extent that no substantial public purpose is served by it, the county, . . . may declare that section of the county road system abandoned.

In *Cherokee County v. McBride,* 262 Ga. 460, 461 (421 SE2d 530) (1992), however, it was held that

> the county is not authorized to abandon the road pursuant to OCGA § 32-7-2. The fact that no substantial public purpose is now served by the road is due to the county's failure to comply with its duty to repair and maintain it.

Appellants' sole contention on appeal is that *McBride* is controlling here and that appellees are likewise precluded from abandoning the road and are compelled to repair and maintain it.

*McBride* and the instant case are factually distinguishable. Here, the trial court did not find that the public has ceased to use the road

due merely to its state of disrepair. Instead, the trial court also found that the unpaved road has ceased to be used by the public because the bridge thereon is submerged when it rains and there are alternate paved routes available. Thus, *McBride* is not controlling here. Where the public has ceased to use a road for reasons other than its state of disrepair, a county is not required to undertake to repair and maintain it as a prerequisite to abandoning it in accordance with OCGA § 32-7-2 (b) (1).

"All questions necessary to be determined in order to decide whether a street shall be vacated or abandoned and the interest of the public therein released are referred to the wisdom and discretion of the lawmaking power. [Cits.]"

*McIntosh County v. Fisher,* 242 Ga. 66, 67 (247 SE2d 863) (1978). Here, there was evidence to authorize the trial court to find that, for reasons other than appellees' failure to repair and maintain the unpaved road, it has nevertheless "ceased to be used by the public to the extent that no substantial public purpose is served by it. . . ." OCGA § 32-7-2 (b) (1). "We hold that under these circumstances, the action of the governmental authority in abandoning the road cannot be declared an abuse of discretion. . . ." *McIntosh County v. Fisher,* supra at 68.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 27, 1994.

*Nicholson, McArthur & Carney, John Ray Nicholson, John Jay McArthur,* for appellants.
*Denny C. Galis,* for appellees.