S99A0690. TORBETT v. BUTTS COUNTY et al.
(520 SE2d 684)

BENHAM, Chief Justice.

This case concerns the abandonment of a public road pursuant to OCGA § 32-7-2 (b) (1), which provides in pertinent part as follows:

> When it is determined that a section of the county road system has for any reason ceased to be used by the public to the extent that no substantial public purpose is served by it, the county . . . may declare that section of the county road system abandoned.

The case began when Torbett filed an action for mandamus seeking an order requiring Butts County to maintain Rough Road, an unpaved road on which Torbett resides, and which connected Rocky Creek Road and U. S. Hwy. 23 until a bridge on the road was destroyed in an accident more than 20 years ago. Torbett also intervened in an action in which another owner of property on Rough Road sought to have the county either repair or abandon the road. The trial court entered an order in both actions requiring the county to repair the road, but specifically permitting the county to consider abandonment of the road. When the county commission gave notice of a hearing to consider abandonment of Rough Road, Torbett sought a temporary restraining order to prohibit abandonment of the road. The trial court denied the temporary restraining order, and the county commission voted at the noticed meeting to abandon the 1.6 mile portion of Rough Road east of Torbett's property. After a hearing on Torbett's objection to the abandonment, the trial court found that the road had not been serviceable over its full length since the bridge on it was destroyed over 20 years earlier; that there are no residences on the portion of the road east of Torbett's property; that there are alternate, paved routes available to connect the two paved roads previously connected by Rough Road; that an appropriate replacement for the bridge would cost $200,000, for which assistance from the State was unlikely since population density on the road did not meet the requirements for priority; that the present county roads budget would not support bridge construction; and that the County's prescriptive right-of-way was not wide enough to build a bridge, although

a resident did offer to donate sufficient right-of-way. The trial court concluded that since the abandoned portion of the road did not serve a substantial public purpose in that there were no improved structures on it and no homeowners or businesses would be left without public road frontage if it were closed, the county had the authority to close the road and had done so for proper purposes. Accordingly, the trial court found no abuse of discretion in the county commission's action and denied Torbett's mandamus action and petition for injunctive relief.

The core of Torbett's argument on appeal is that the county could not abandon Rough Road on account of disuse when the disuse was a result of the failure of the county to perform its duty to repair and maintain the road. See *Cherokee County v. McBride*, 262 Ga. 460, 461 (421 SE2d 530) (1992). Asserting that the evidence here shows that if the bridge were to be replaced, the road would be used, Torbett argues that the abandonment of the road solely to avoid the expense of a new bridge was an abuse of discretion.

We agree with Torbett that the evidence shows that the lack of a bridge for the past 20 years is the reason that Rough Road has ceased to be used by the public to the extent that no substantial public purpose is served by it. However, that fact takes this case out of the ambit of *McBride*, supra, and puts it squarely within the scope of *Smith v. Board of Commrs. of Athens-Clarke County*, 264 Ga. 316 (444 SE2d 775) (1994). There, as here, the reason for the disuse of the road was not the condition of the road itself, but the fact that a bridge on the road was impassable. This Court found that fact sufficient to distinguish that case from *McBride* and to authorize the County to abandon the road.

Nonetheless, pointing to evidence that the expense of building a new bridge was a substantial factor in the county's decision to abandon Rough Road, Torbett argues that the county cannot abandon a road for financial reasons alone. However, this Court has held that while a road "can not be vacated unless it is for the benefit of the public that such action should be taken[, t]he benefit may be . . . in relieving the public from the charge of maintaining a street or highway that is no longer useful or convenient to the public . . . ." *McIntosh County v. Fisher*, 242 Ga. 66, 67-68 (247 SE2d 863) (1978). Thus, the county commission's consideration of the economic factors involved in the decision whether to abandon the road was proper and did not constitute an abuse of discretion.

> "All questions necessary to be determined in order to decide whether a street shall be vacated or abandoned and the interest of the public therein released are referred to the wisdom and discretion of the lawmaking power. [Cit.]"

[Where there is] evidence to authorize the trial court to find that, for reasons other than [the county's] failure to repair and maintain the unpaved road, it has nevertheless "ceased to be used by the public to the extent that no substantial public purpose is served by it. . . ." [Cit.] "[T]he action of the governmental authority in abandoning the road cannot be declared an abuse of discretion. . . ." [Cit.]

*Smith*, supra at 317. In this case, as in *Smith*, the evidence authorized the trial court's conclusion that the county's abandonment of the public road was not an abuse of discretion.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 15, 1999 —
RECONSIDERATION DENIED OCTOBER 15, 1999.

*W. Franklin Freeman, Jr.,* for appellant.
*Michael A. O'Quinn, Donald A. Cronin, Jr., Bush & White, Wilson H. Bush,* for appellees.

