S11A0346. SCARBOROUGH et al. v. HUNTER et al.

(706 SE2d 650)

MELTON, Justice.

This case involves a dispute over the potential abandonment of Winding Bluff Road by Stephens County and its Board of Commissioners.[1] The road was accepted by the County as a public road in 2007, but, by 2010, the County had decided to initiate statutory abandonment procedures. On July 2, 2010, the Board sent out notice that it intended to hold an abandonment hearing regarding Winding Bluff Road on July 27, 2010. On July 19, 2010, a number of landowners[2] along Winding Bluff Road filed a complaint for a writ of

---

[1] The members of the Board of Commissioners are C. Dean Scarborough, Stanley London, Jonesy Haygood, Harold Andrews, and J. B. Hudgins. All are named as defendants in the underlying action.

[2] These landowners, who are the plaintiffs in the underlying action, include Jason

mandamus, asking that the County be forced to repair and maintain Winding Bluff Road as a public road. The landowners also requested a temporary restraining order to prevent the Board from having a public meeting to further consider abandonment of the road. These property owners contended that Winding Bluff Road had been severely damaged by flooding in 2008 and 2009, that the County had improperly neglected its duty to repair the damage to the road, and that, to further evade this duty, the County intended to abandon the road.[3] The property owners also argued that, if the County were allowed to abandon the road, their property values would be greatly diminished. The day before the Board's scheduled abandonment hearing, the trial court entered a temporary restraining order against the Board, preventing it from holding a hearing or taking a vote on abandonment. We granted the Board's application for interlocutory appeal positing the following question: "Did the trial court err by issuing a temporary restraining order preventing the Board of Commissioners from exercising its discretion regarding the abandonment of Winding Bluff Road? See OCGA §§ 32-7-2 (b) (1) and 50-13-19 (h)." For the reasons set forth below, we find that the trial court did err.

The discretion to abandon former public roads is extended to counties by OCGA § 32-7-2. OCGA § 32-7-2 (b) (1) provides:

> When it is determined that a section of the county road system has for any reason ceased to be used by the public to the extent that no substantial public purpose is served by it or that its removal from the county road system is otherwise in the best public interest, the county, by certification recorded in its minutes, accompanied by a plat or sketch, and, after notice to property owners located thereon, after notice of such determination is published in the newspaper in which the sheriff's advertisements for the county are published once a week for a period of two weeks, and after a public hearing on such issue, may declare that section of the county road system abandoned. Thereafter, that section of road shall no longer be part of the county road system and the rights of the public in and to the section of road as a public road shall cease.

In this case, the County contends that the removal of Winding Bluff Road from the county road system is "otherwise in the best public

---

Hunter, K-M Development Corporation, James Sellers, and Judy Medlin.

[3] The County contends that the road was improperly laid by K-M Development Corporation, resulting in its damage.

interest" because the County no longer has the necessary funds to maintain the road.[4]

Although the landowners, and necessarily the trial court, raise skepticism regarding the County's motives, it was not proper under the facts of this case for the trial court to prevent the Board from exercising its statutorily-granted discretion. OCGA § 50-13-19 (h) provides:

> The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings. The court may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: (1) In violation of constitutional or statutory provisions; (2) In excess of the statutory authority of the agency; (3) Made upon unlawful procedure; (4) Affected by other error of law; (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

This statute does not give a trial court power to enjoin a county board's discretion to abandon a road. To the contrary, it indicates that the trial court's duty in cases such as this is to review the Board's acts *after* the Board exercises its discretion, not prevent the Board from using its discretion at all.[5]

> The function of the Board was to determine whether the road served a substantial public purpose. If the Board determines that a road has ceased to be used by the public to the extent that no substantial public purpose is served by

---

[4] [T]his Court has held that while a road "can not be vacated unless it is for the benefit of the public that such action should be taken[, t]he benefit may be . . . in relieving the public from the charge of maintaining a street or highway that is no longer useful or convenient to the public. . . ." *McIntosh County v. Fisher*, 242 Ga. 66, 67-68 (247 SE2d 863) (1978).
*Torbett v. Butts County*, 271 Ga. 521, 522 (520 SE2d 684) (1999).

[5] In *Cherokee County v. McBride*, 262 Ga. 460 (421 SE2d 530) (1992), this Court appears to affirm a superior court judgment enjoining a county from abandoning a public road because "[t]he fact that no substantial public purpose is now served by the road is due to the county's failure to comply with its duty to repair and maintain it." This might provide a valid reason to *reverse* a county's act of abandoning a road as an abuse of discretion. It does not, however, provide an appropriate basis for prospectively enjoining a county from using its discretion in the first place. To the extent that *Cherokee County v. McBride*, supra, could be read to reach such a result, it is hereby overruled.

it, then the Board may exercise its discretion to close the road. The function of the trial court in a mandamus action is to decide if the Board's action was a gross abuse of discretion.

*Carnes v. Charlock Investments, Inc.*, 258 Ga. 771, 773 (1) (373 SE2d 742) (1988). In essence, then, the trial court in this case put the cart before the horse. Rather than standing in the way of the Board's statutorily-granted discretion, the trial court must allow that discretion to be utilized. Then, the trial court may review the propriety of the Board's acts. Because the trial court did not do so in this case, its order granting mandamus and a temporary restraining order must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 28, 2011.

*Sanders & Ranck, Brian C. Ranck*, for appellants.
*James E. Cornwell, Jr.*, for appellees.