**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 28, 2014**

# In the Court of Appeals of Georgia

A13A1909. BURKE COUNTY, GEORGIA et al. v. ASKIN et al.

PHIPPS, Chief Judge.

This appeal involves a resolution by the Burke County Board of Commissioners (the "Board") to abandon its interest in five roads located in the Pineview Subdivision, pursuant to OCGA § 32-7-2 (b) (1). Otis F. Askin, Sr. and a corporation affiliated with him, Tiger, Inc., (collectively, "Askin") owned several lots in the subdivision and one tract outside of the subdivision; the outside tract bordered one of the five roads. Askin filed in superior court a complaint against the Board and Burke County (collectively, the "County") seeking to set aside the resolution of abandonment. The superior court reversed the resolution as to three of the roads. We granted the County's application for discretionary review of the superior court's decision reversing the Board's resolution to abandon the three roads. For the reasons

that follow, we reverse the superior court's judgment to the extent that it reversed the Board's resolution, and affirm the judgment to the extent that it affirmed the resolution.

These parties previously appeared before the Supreme Court of Georgia in the case of *Burke County v. Askin*.[1] Certain of the facts involved in the instant case are stated therein as follows.

> Pineview Subdivision was established in Burke County in 1954. In 1962, the roads shown on a plat of the subdivision were dedicated by deed to, and accepted by, Burke County, and the Burke County Board of Commissioners passed a resolution to "cut or build roads" in the subdivision; the streets appearing on the subdivision plat are Frances Avenue, Maple Drive, Poplar Drive, Elm Drive, and Sycamore Drive. The deed conveying these streets to Burke County stated that it was made "in consideration of the benefits to the property of the undersigned by the construction and mainteance [sic] of said roads." At some point, Maple Drive, Elm Drive, and a portion of Frances Avenue were constructed as unpaved roads; it does not appear that the other roads were constructed, nor can it be established what person or entity constructed the roads that were built. In 2004, Askin purchased several lots in Pineview Subdivision, and Tiger, Inc., a corporation affiliated with Askin (collectively "Askin"), purchased a tract of land outside of Pineview, but bordering on Frances Avenue. After attempts to have the

---

[1] 291 Ga. 697 (732 SE2d 416) (2012) (hereafter, "*Askin I*").

2

County maintain the subdivision roads, Askin sought a writ of mandamus to compel the County to, inter alia, repair and maintain the roads. After a hearing, the superior court granted certain mandamus relief, concluding that the County was obligated to maintain Maple and Elm Drives, as well as complete the construction of Frances Avenue and maintain that entire street. But, the court also found that the County had no obligation to maintain Poplar and Sycamore Drives.[2]

In *Askin I*, the County appealed the superior court's grant of mandamus as it pertained to Maple Drive, Elm Drive, and Frances Avenue, and Askin cross-appealed the court's failure to order the County to maintain Poplar Drive and Sycamore Drive.[3] The Supreme Court vacated the superior court's order granting a writ of mandamus because it had relied on an incorrect legal standard (namely, the superior court had not found that the County's decision was arbitrary, capricious, and unreasonable or that it was a gross abuse of discretion).[4] Additionally, the Supreme Court concluded that the County had discretion as to whether to open subdivision roads dedicated to it.[5] The Court also noted that the County's discretionary authority to abandon such

[2] Id. at 697-698.

[3] Id.

[4] Id. at 701 (2).

[5] Id. at 700 (2).

3

roads was granted by statute, and the superior court's role was limited to review of any such exercise of that discretion.[6]

In November 2011, before the Supreme Court had decided *Askin I*, after issuing written notice and holding a public hearing, the Board adopted a new resolution, the one at issue here, which abandoned all five roads. The Board made numerous findings of fact and concluded that all the roads "have ceased to be used by the public to the extent that no substantial public purpose is served by them; and . . . [i]t is otherwise in the best interest of the County to abandon any interest held by the County in [the five roads] in order to relieve the public from the charge of maintaining roads that are no longer useful or convenient to the public." Askin appealed the resolution to superior court, asserting that the abandonment was contrary to law, constituted an abuse of discretion, was arbitrary and capricious, deprived them of access to their property, and prejudiced their substantial rights. The superior court affirmed the Board's decision to abandon its interest in Poplar and Sycamore streets, and reversed the Board's decision with respect to Frances, Maple, and Elm streets.

---

[6] Id. at 703 (6) (citation omitted).

1. The County contends that the superior court erred by substituting its judgment for that of the Board as to the weight of the evidence on questions of fact. We agree.

In adopting the resolution to abandon the five roads, the Board acted as an administrative body.[7]

> When a superior court reviews the decision of an administrative agency, [t]he court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The superior court's review of evidentiary issues is limited to determining whether factual findings are supported by any evidence. We review the superior court's decision to determine whether the superior court has, in its own final ruling, committed an error of law. On appeal to this Court, our duty is not to review whether the record supports the superior court's decision but whether the record supports the initial decision of the local governing body or administrative agency.[8]

A county has statutory authority to abandon public roads under its jurisdiction "[w]henever deemed in the public interest."[9]

---

[7] See *Carnes v. Charlock Investments*, 258 Ga. 771, 773 (1), n. 1 (373 SE2d 742) (1988).

[8] *Bd. of Regents of the Univ. Sys. of Ga. v. Hogan*, 298 Ga. App. 454-455 (1) (680 SE2d 518) (2009) (punctuation and footnotes omitted).

[9] OCGA § 32-7-1.

The abandonment process is governed by OCGA § 32-7-2 (b) (1), which says: When it is determined that a section of the county road system has for any reason ceased to be used by the public to the extent that no substantial public purpose is served by it (or that its removal from the county road system is otherwise in the best public interest), the county, by certification recorded in its minutes, accompanied by a plat or sketch, and, after notice to property owners located thereon, after notice of such determination is published in the newspaper in which the sheriff's advertisements for the county are published once a week for a period of two weeks, and after a public hearing on such issue, may declare that section of the county road system abandoned. Thereafter, that section of road shall no longer be part of the county road system and the rights of the public in and to the section of road as a public road shall cease.[10]

As pointed out in *Askin I*, the fact that a county has accepted an express dedication of roads in a subdivision does not mean that the county is without discretion to leave those dedicated roads unopened.[11] Additionally, "[i]f the [County] Board determines that a road has ceased to be used by the public to the extent that no substantial public purpose is served by it, then the [County] Board may exercise its discretion to close the road."[12]

---

[10] *Scarborough v. Hunter*, 293 Ga. 431, 434 (2) (b) (746 SE2d 119) (2013).

[11] *Askin I*, supra at 700 (2).

[12] *Carnes*, supra at 773 (1).

Here, the Board approved abandonment of the roads "based on . . . findings of fact and after consideration of all evidence presented at the public hearing," upon concluding that the roads had ceased to be used by the public to the extent that no substantial public purpose was served by them, and that it was otherwise in the best interest of Burke County to abandon its interest in the roads (to relieve the public from the charge of maintaining roads no longer useful or convenient to the public). The factual findings were supported by some evidence, including: the subdivision had seen minimal development over the years, and the area, which had been clear-cut years earlier, was "overgrown;" with the exception of one house on Frances Avenue, no structures were located on any of the five roads in the subdivision; the resident of that house had an easement across private property to access an unaffected road; Burke County was responsible for maintaining hundreds of dirt roads, though it had never maintained the five roads at issue; and the estimated cost to construct and bring the five roads "up to standards" for maintenance was $152,000.

> [A]s [the Georgia Supreme] Court recognized long ago, [a]ll questions necessary to be determined in order to decide whether a street shall be vacated or abandoned and the interest of the public therein released are referred to the wisdom and discretion of the lawmaking power. Economic factors, including the cost to repair a severely damaged road, are proper considerations. Thus, while the decision to

7

abandon a road must be for the benefit of the public, [t]he benefit may be…in relieving the public from the charge of maintaining a street or highway that is no longer useful or convenient to the public.[13]

There were facts in the record to support the Board's resolution, in accord with the statutory standard, and the superior court was obligated to affirm it.[14]

2. In a related claim of error, the County contends that the superior court erred by failing to consider the additional ground for abandonment of county roads set out in OCGA § 32-7-2 (b) (1), as amended in 2010, to wit, that a county is authorized to abandon a county road when "its removal from the county road system is otherwise in the best public interest."[15] As discussed above, the Board's decision was authorized pursuant to OCGA § 32-7-2 (b) (1), as amended. Thus, this particular contention is moot.

3. The County contends that the superior court erred by finding there was no rational basis for the Board's decision to abandon three of the roads. In its judgment,

---

[13] *Scarborough*, supra (citations and punctuation omitted).

[14] See generally *Bd. Of Regents of the Univ. Sys. of Ga.,* supra at 456-457 (1); *City of Atlanta Govt. v. Smith*, 228 Ga. App. 864, 865 (1) (493 SE2d 51) (1997); *Scarborough*, supra at 436-439 (2) (c), (d).

[15] See Ga. L. 2010, p. 399, 400, §1; cf OCGA § 32-7-2 (b) (1) (2010).

the superior court concluded that there was no rational basis for the Board's decision, and that the decision was arbitrary, capricious, and an abuse of discretion. "If arbitrary and capricious action is alleged[,] the [superior] court must determine whether a rational basis exists for the [final administrative] decision made. [This] is a question of law."[16] The record demonstrates that the Board had a rational basis for its decision, and the superior court erred by finding otherwise.[17]

4. The County contends that the superior court erred by finding that the roads served no public purpose solely because they had not been maintained. We agree.

"Where the public has ceased to use a road for reasons other than its state of disrepair, a county is not required to undertake to repair and maintain it as a prerequisite to abandoning it in accordance with OCGA § 32-7-2 (b) (1)."[18] There was evidence from which the Board was authorized to find that the three roads at

---

[16] *Sawyer v. Reheis*, 213 Ga. App. 727, 729 (2) (445 SE2d 837) (1994).

[17] See generally id. at 730 (2).

[18] *Smith v. Bd. of Commrs. of Athens-Clarke County*, 264 Ga. 316, 317 (444 SE2d 775) (1994); *Torbett v. Butts County*, 271 Ga. 521, 522-523 (520 SE2d 684) (1999).

issue served no substantial public purpose[19] for reasons other than disrepair, including that the subdivision had been minimally developed and had only one residence.

5. The County contends that the superior court erred by determining that it abused its discretion by abandoning the roads without compensating Askin for the taking. We agree. For the reasons discussed above, the Board did not abuse its discretion by deciding to abandon the roads. The cases cited by the superior court to support its judgment in this regard are inapposite, as they were not road abandonment cases and did not involve OCGA § 32-7-2 (b) (1).[20]

6. Accordingly, to the extent the superior court's judgment reversed the Board's resolution of abandonment, the judgment is reversed. To the extent the superior court's judgment affirmed the Board's resolution, the judgment is affirmed.

*Judgment affirmed in part and reversed in part. Ellington, P. J., and Branch, J., concur.*

---

[19] See OCGA § 32-7-2 (b) (1) (pertinently permitting abandonment of road where "no *substantial* public purpose is served by it.") (emphasis supplied).

[20] *Dept. of Transp. v. Whitehead*, 253 Ga. 150 (317 SE2d 542) (1984); *Harper Investments v. Dept. of Transp.*, 251 Ga. App. 521 (554 SE2d 619) (2001).