**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**December 23, 2024**

# In the Court of Appeals of Georgia

A24A1342. STEVENS et al. v. BLUFF HOLDINGS, LLC et al.

GOBEIL, Judge.

On November 15, 2023, the trial court entered an order granting a petition for mandamus filed by Bluff Holdings, LLC, Eunice Editha Durden, Glenn Iler, William J. Mercer, and Diane C. Williams (collectively, "Petitioners")[1] against David Stevens, Kate Pontello Karwacki, Roger B. Lotson, Sr., William E. Harrell, and Kelly McClellan individually and in their capacities as members of the Board of Commissioners of McIntosh County (collectively, "Respondents"), and ordering Respondents "to commence repairs on [a specific road in] McIntosh County

---

[1] Bluff Holdings is a limited liability company with its principal office located in McIntosh County, and the individual Petitioners are all residents of McIntosh County.

immediately and bring said road into compliance with the requirements of Georgia law." Respondents now appeal, arguing that the trial court failed to apply the correct standard of review in evaluating Petitioners' mandamus petition. For the reasons that follow, we affirm.

On December 2, 2021, Petitioners filed a mandamus action pursuant to OCGA § 9-6-21 (b), seeking to compel Respondents to repair and maintain a public road in unincorporated McIntosh County known as River Road. Several intersecting county roads end at River Road. The roadway runs along a bluff on the Shellman river, and has been damaged by erosion and subsurface conditions over time. After damage to the roadway became apparent, on or about April 14, 2021, Respondents placed concrete barriers and "Road Closed" signs along River Road. On April 28, 2021, a sinkhole approximately three feet wide and four feet deep opened up on River Road, near the intersection with Smith Street, raising concerns that River Road was unable to bear the weight of vehicle traffic. In their mandamus petition, Petitioners alleged that Respondents have failed in their duty, as members of the Board of Commissioners of McIntosh County, to maintain and repair River Road.

Respondents filed an answer, and Petitioners then moved for summary judgment. In response, Respondents contended that an engineer hired by the county estimated the cost to repair River Road to be approximately $1 million. The engineer also noted that the county would need to acquire rights-of-way/easements along River Road to complete the repairs. According to the county manager, the county lacked the funds necessary to complete the repairs and obtain the additional rights-of-way/easements. Respondents argued that the petition for mandamus was prematurely filed "because no final action has been completed to suggest that the roadway has been permanently closed or abandoned."

Following two hearings, the trial court entered an order granting Petitioners' petition for mandamus relief and directing Respondents "to commence repairs on River Road in the Shellman Bluff community of McIntosh County immediately and bring said road into compliance with the requirements of Georgia law."[2] The instant appeal followed.

"Mandamus will issue against a public official only where the petitioner has demonstrated a clear legal right to relief or a gross abuse of discretion." *Gwinnett*

---

[2] The trial court dismissed Petitioners' mandamus petition to the extent that they sought relief against Respondents in their individual capacities.

*County v. Ehler Enterprises*, 270 Ga. 570, 570 (1) (512 SE2d 239) (1999). "[A] public official's exercise of discretion will not be disturbed by a mandamus order unless the official's actions were arbitrary, capricious, and unreasonable." *Massey v. Ga. Bd. of Pardons & Paroles*, 275 Ga. 127, 128 (2) (562 SE2d 172) (2002) (citation and punctuation omitted).

In a single enumeration of error, Respondents argue that the trial court failed to apply the correct standard of review, namely the showing of a gross abuse of discretion, in considering Petitioners' mandamus petition. They contend that Respondents, as county commissioners, "have vested in them a wide discretion in the administration of county affairs; and this discretion will not be interfered with by the courts unless it is manifestly abused."

A county may exercise only those powers authorized by law. *DeKalb County v. Atlanta Gas Light Co.*, 228 Ga. 512, 513 (2) (186 SE2d 732) (1972). By statute, counties must "plan, designate, improve, manage, control, construct, and maintain an adequate county road system," and counties have "control of and responsibility for all construction, maintenance, or other work related to the county road system." OCGA § 32-4-41 (1). Counties must maintain the roads in the county system in such

condition that "ordinary traffic could be taken over them[.]" *Burke County v. Askin*, 291 Ga. 697, 702 (3) (732 SE2d 416) (2012). This county duty is enforceable by mandamus under both the general mandamus statute, OCGA § 9-6-20,[3] and a special mandamus statute (OCGA § 9-6-21 (b)) applicable to the repair and maintenance of county roads, which may be invoked by citizens of the relevant county, as was the case here, and provides:

> On the application of one or more citizens of any county against the county board of commissioners where by law supervision and jurisdiction is vested in such commissioners over the public roads of such counties and the overseers of the public roads complained of; . . . which application or action for mandamus shall show that one or more of the public roads of the county of the plaintiff's residence are out of repair; do not measure up to the standards and do not conform to the legal requirements as prescribed by law; and are in such condition that ordinary loads, with ordinary ease, cannot be hauled over such public roads, the judges of the superior courts are authorized and given jurisdiction and it is made their duty, upon such showing being made, to

---

[3] OCGA § 9–6–20 provides:
All official duties should be faithfully performed, and whenever, from any cause, a defect of legal justice would ensue from a failure to perform or from improper performance, the writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights . . . .

issue the writ of mandamus against the parties having charge of and supervision over the public roads of the county; and to compel by such proceedings the building, repairing, and working of the public roads as are complained of, up to the standard required by law, so that ordinary loads, with ordinary ease and facility, can be continuously hauled over such public roads. The judges of the superior courts shall, by proper order, in the same proceedings compel the work done necessary to build, repair, and maintain such public roads up to the standard so prescribed.

OCGA § 9-6-21 (b).

Where the duty of public officers to perform specific acts is clear and well defined and is imposed by law, and when no element of discretion is involved in performance thereof, the writ of mandamus will issue to compel their performance. But mere authorization to act is insufficient unless the law requires performance of the duty.

*Hartsfield v. Salem*, 213 Ga. 760, 760 (1) (101 SE2d 701) (1958) (citations omitted). The burden is upon the party seeking mandamus to show the existence of such a duty. *Lindsey v. Guhl*, 237 Ga. 567, 568 (I) (229 SE2d 354) (1976).

In this case, the parties do not dispute that River Road is a public road located within McIntosh County, and there is "no question . . . that the county is obligated to maintain public roads" in the county road system. *Chatham County v. Allen*, 261 Ga. 177, 177 (402 SE2d 718) (1991). Additionally, the record shows that River Road was

6

not in such condition that "ordinary traffic could be taken over [it]." *Burke County*, 291 Ga. at 702 (3). See also *Commrs. of Roads and Revenues of Sumter County v. McMath*, 138 Ga. 351, 352 (5) (75 SE 317) (1912) ("Certainly a public road over which reasonable or ordinary loads can not, with reasonable or ordinary ease and facility, be hauled is not up to the standard required by law in this State."). It follows that Petitioners showed their entitlement to a writ of mandamus based on the existence of a legal duty to be performed on the part of Respondents — the repair and maintenance of River Road. See generally *Bedingfield v. Adams*, 221 Ga. 69, 71 (1) (142 SE2d 915) (1965).

Respondents counter that the County lacks the necessary financial resources to repair River Road and argue that in *Terry v. Wade*, 149 Ga. 580 (101 SE 539) (1919), the Supreme Court of Georgia held that a county has wide discretion in the administration of county affairs. However, as noted by the trial court in this case, the holding in *Terry* "seems to stand for the proposition that a county has discretion to decide the order of priority of road repairs, but not that a road need not be repaired at all." In fact, the Court in *Terry* specifically reiterated that "commissioners are required under the law, in building, repairing, and working the public roads, to so

build and repair them that ordinary loads with ordinary ease and facility can be continuously hauled over such public roads." 149 Ga. at 580 (2).

Respondents further contend that Petitioners filed their mandamus petition before Respondents "had the information or the opportunity to act" on whether to abandon or close the road, and "there is no question that [Respondents] were moving in that direction."[4] In support, Respondents cite to case law outlining that a county is vested with broad discretion to abandon and/or close a roadway if that closure is deemed to be in the public interest. See, e.g., *Scarborough v. Hunter*, 293 Ga. 431, 437-438 (2) (c) (746 SE2d 119) (2013) (on judicial review of decision by county board of commissioners following public hearing to abandon county road, issue before trial court was not whether abandonment would best serve public interest, but whether board's decision to abandon road was arbitrary or capricious, and thus, an abuse of discretion); *Marietta Chair Co. v. Henderson*, 121 Ga. 399, 403 (49 SE 312) (1904) ("All questions necessary to be determined in order to decide whether a street shall

---

[4] OCGA § 32-7-2 (b) (1) authorizes a county to abandon a county road when the road "has for any reason ceased to be used by the public to the extent that no substantial purpose is served by it or that its removal from the county road system is otherwise in the best public interest[.]" This statute also outlines the specific steps a county must take before abandoning a road, including notifying affected property owners and conducting a public hearing on the issue. Id.

8

be vacated or abandoned and the interest of the public therein released are referred to the wisdom and discretion of the lawmaking power.").

However, Respondents' reliance on these cases is misplaced. As noted by the trial court, abandonment of River Road was not before the trial court[5] and the fact that Respondents might opt to take such action in the future "does not preclude [Petitioners] from the relief they now seek." Here, the Petitioners sought a writ of mandamus pursuant to OCGA § 9-6-21 (b) to compel Respondents to perform a statutory duty (and not a discretionary act), namely, the repair of River Road. Compare *Shellnut v. Carroll County*, 30 Ga. App. 200, 201-202 (1) (117 SE 333) (1923) (when a road, though no longer kept in repair, has not been discontinued or abandoned, the remedy of the aggrieved party is not by an action for damages, but by writ of mandamus seeking its repair); *Swiney v. DeKalb County*, 102 Ga. App. 731, 731-

---

[5] A complaint for mandamus is generally the proper way to obtain judicial review of a county's exercise of discretion to *abandon* a county road under OCGA § 32–7–2 (b) (1). See OCGA §§ 9-6-20, 9-6-21 (b); *Torbett v. Butts County*, 271 Ga. 521, 521-522 (520 SE2d 684) (1999). Economic factors, including the cost to repair a severely damaged road, are proper considerations in an abandonment proceeding. *Torbett*, 271 Ga. at 522. Thus, while the decision to abandon a road must be for the benefit of the public, "[t]he benefit may be . . . in relieving the public from the charge of maintaining a street or highway that is no longer useful or convenient to the public[.]" *McIntosh County v. Fisher*, 242 Ga. 66, 67-68 (247 SE2d 863) (1978).

732 (117 SE2d 559) (1960) (the only remedy of property owner for damage suffered as result of failure of county authorities to work and keep up road and to maintain a bridge thereon, which road and bridge had not been discontinued or abandoned in the manner prescribed by law, was by mandamus to compel county authorities to keep up and repair road as an established road, and property owner could not maintain an action for damages on account of failure of county to maintain old road and bridge), with *Burke County v. Askin*, 294 Ga. 634, 637-639 (2) (a) (755 SE2d 747) (2014) (county's refusal to complete unfinished segment of subdivision road was arbitrary, capricious, unreasonable and a gross abuse of discretion, given county's acceptance and approval of both the original subdivision plat and a more recent plat depicting the road in question, and given fact that county's failure to construct, maintain, and repair the full length of the road, a public county road, over a period of 50 years, was due to the county's mistake and neglect rather than the lawful exercise of the county's discretion).

Because the County had a non-discretionary legal duty to repair River Road, the trial court was not required to apply a gross-abuse-of-discretion standard of review and "correctly held that the road is public, and properly compelled the county to repair

10

and maintain it." *Cherokee County v. McBride*, 262 Ga. 460, 460 (421 SE2d 530) (1992), overruled in part on other grounds by *Scarborough v. Hunter*, 288 Ga. 687, 689 n. 5 (706 SE2d 650) (2011). Accordingly, we affirm the court's grant of Petitioners' writ of mandamus.

*Judgment affirmed. Barnes, P. J., and Pipkin, J., concur.*