28893. PITTMAN et al. v. CITY OF JESUP.

GUNTER, Justice.

The appellants who were plaintiffs below have come here for review of a judgment that awarded summary judgment in favor of defendant-appellee. Appellants enumerate one error, and it is that the trial court erred in granting the appellee's motion for summary judgment.

On December 29, 1970, appellants executed and delivered to the appellee a fee simple, warranty deed conveying land described by a recorded right-of-way map. The description referred to the land as "a proposed street." The deed recited that the consideration flowing to the grantors was "the benefit to my/our property by the construction or maintenance of said right-of-way." The deed also contained the following provision: "In the event the property hereby conveyed is abandoned as a lane, street, alley, or other right-of-way location, the same shall revert to the property from which it was taken."

Besides the deed itself, the evidence considered by the trial judge was to the effect that at the time that the deed was accepted the appellee intended to construct a

trunk sewer line through the property; that the appellee's contractor went upon the land and did some clearing; that a new Board of Commissioners for the appellee took office on January 5, 1971, just a few days after acceptance of the deed by appellee; that in June of 1972 the appellee abandoned the construction project on the conveyed land; that in January of 1973 another new Board of Commissioners for the appellee took office; and that appellants, as per the affidavit of one of them, originally conveyed the right-of-way "based on the promise of the City to construct a road and sewer line on said right-of-way, this being the consideration to be given by the City for the conveyance."

In February of 1973 the appellants brought an action against the appellee to require the latter to specifically perform its contract to construct a road and sewer line on the conveyed land, or, in the alternative, be required to pay damages to appellants.

The trial judge granted summary judgment for the appellee, and we affirm that judgment.

Code § 69-302 provides as follows: "Where municipal corporations are not required by statute to perform an act, they may not be held liable for exercising their discretion in failing to perform the same."

In *Collins v. Mayor &c. of Savannah,* 77 Ga. 745, 748 (1886), this court said: "Whether the City will open a street or not is discretionary with it, and the exercise of its discretion, one way or the other, gives no right of action to anyone who may have miscalculated the final action of the city."

Code § 69-202 provides that: "One council may not by an ordinance bind itself or its successors so as to prevent free legislation in matters of municipal government." This statutory provision has been interpreted as being applicable to certain municipal contracts. See *Horkan v. City of Moultrie,* 136 Ga. 561 (71 SE 785) and *City of Douglas v. Cartrett,* 109 Ga. App. 683 (137 SE2d 358).

Code § 69-203 provides that the governing authority of a municipality has a discretion in the management and disposition of its property, and courts of equity will not interfere with such management and disposition if the

governing body's discretion is exercised in good faith.

In this case the deed from the appellants to the appellee, a municipality, provided that if the right-of-way was abandoned by the grantee in the deed, then the conveyed property would revert. Therefore, the evidence in this case showed that there was not a material fact issue, and the judgment rendered by the trial judge was correct.

*Judgment affirmed. All the Justices concur.*

ARGUED MAY 13, 1974 — DECIDED SEPTEMBER 3, 1974.

*Gibbs & Leaphart, J. Alvin Leaphart,* for appellants.
*Thomas, Howard & Smith, Robert B. Smith,* for appellee.