## S91A0109. CHATHAM COUNTY et al. v. ALLEN.

(402 SE2d 718)

HUNT, Justice.

The question in this appeal is whether mandamus will lie to require a county to develop an unopened, but dedicated and accepted, road in a county subdivision.

Allen owns lots 520 through 530 in Montgomery Heights Subdivision which was first platted and recorded in Chatham County in 1910. Some, but not all, of the streets in the subdivision have been developed over the years, and those streets have been maintained by the county. Lots 526 through 530 abut unopened streets. Because of that, Allen's application for building permits for those lots was rejected. Allen then sought, and was granted, mandamus by the superior court, requiring Chatham County to develop the unopened subdivision roads so that the permits could be issued.

Because we conclude that the county's obligation with respect to these roads was discretionary, we reverse the judgment granting the writ of mandamus.

There can be no question, as Allen argues, that the county is obligated to maintain public roads. OCGA § 9-6-21 (b) provides:

> On the application of one or more citizens of any county . . . which [application] shall show that one or more of the *public* roads of the county of the plaintiff's residence are out of repair; do not measure up to the standards and do not conform to the legal requirements as prescribed by law; and are in such condition that ordinary loads, with ordinary ease, cannot be hauled over such *public* roads, the judges . . . are authorized . . . to issue . . . mandamus . . . to compel . . . the building, repairing, and working of the *public* roads . . . up to the standard required by law. . . . [Emphasis supplied.]

The dispute centers, then, on whether unopened, undeveloped, proposed roads in a subdivision become *public* under § 9-6-21 (b),

solely by virtue of the process of implied dedication and acceptance.[1] We think not. We agree with the county that a "public road" is defined as a "highway, road, street, avenue, toll road, tollway, drive, detour, or other way *open to the public* and intended or used for its enjoyment and for the passage of vehicles in any county or municipality of Georgia." [Emphasis supplied.] OCGA § 32-1-3 (24).

The undeveloped streets in Montgomery Heights Subdivision are not public roads within the meaning of OCGA § 9-6-21 (b), and the county is under no obligation to open or maintain them. Under the facts of this case, the opening, or not, of these roads is within the county's discretionary authority and mandamus will not lie.[2] See *Pittman v. City of Jesup*, 232 Ga. 635, 636 (208 SE2d 456) (1974). Compare *Robin v. McGehee*, 127 Ga. 431, 437 (56 SE 461) (1906), and *Hobbs v. Ware County*, 247 Ga. 385 (276 SE2d 575) (1981).

*Judgment reversed. All the Justices concur.*

DECIDED APRIL 11, 1991.

*Brennan, Harris & Rominger, Edward T. Brennan, Emily Garrard*, for appellants.
*Gary M. Wisenbaker*, for appellee.

_____

[1] The county concedes *implied* acceptance of all roads in the subdivision, because in the past it has maintained *some* of them which were opened by the developer.

[2] *Ross v. Hall County Bd. of Commrs.*, 235 Ga. 309 (219 SE2d 380) (1975), relied on by Allen, does not require a different result. Hall County, in accepting the dedicated roads, in fact opened and maintained them for public use. Thus, the roads in *Hall County* were public within the meaning of OCGA § 9-6-21 (b).