S02A0398. MASSEY v. GEORGIA BOARD OF PARDONS AND
PAROLES et al.
(562 SE2d 172)

BENHAM, Justice.

Donald Massey, acting pro se, appeals from the trial court's denial of his petition for mandamus in which he sought to have the court compel the Georgia Board of Pardons and Paroles ("the Parole Board") to remove two conditions upon which his parole from incarceration is based: the requirement that he be "electronically monitored" and the requirement that he participate in sex offender counseling.

Appellant Massey was convicted of armed robbery, kidnapping, and aggravated assault, and his convictions were affirmed on direct appeal. See *Massey v. State*, 265 Ga. 632 (458 SE2d 818) (1995). When he was released on parole in February 2000, Massey was required to participate in an electronic monitoring program. Massey filed a grievance against the Parole Board and appellee Sentinel, Inc., the monitoring company, when they refused to lower the fees charged Massey for the electronic monitoring program. After his grievance was denied, Massey filed a petition for mandamus in which he asked the court to compel the Parole Board to remove the electronic monitoring condition of his parole. He contended it was a violation of equal protection to charge him more for the monitoring by a private company with a contractual relationship with the Parole Board than parolees monitored by the Parole Board were charged. At the trial court hearing in May 2001, it was noted that Massey was no longer being electronically monitored, and Massey was permitted to amend his petition to also seek removal of a condition of parole that he participate in a sex offender class. The trial court denied the writ of mandamus, ruling that the electronic monitoring aspect of the petition was moot since Massey was no longer subject to electronic monitoring, and that the Parole Board had not abused its discretion in requiring Massey to participate in sex offender counseling as a condition of parole.

1. At the close of the hearing, the trial court made a verbal ruling that was later reduced to writing and filed. In support of its conclusion at the hearing that appellant's complaint about the electronic monitoring requirement was moot, the trial court observed that appellant was no longer being monitored and that the Parole Board employee who supervised the electronic monitoring program had stated that "pretty soon" there would be one state-wide electronic monitoring program, thereby ensuring that all electronically-monitored parolees would be treated the same way in the near future. Since appellant is no longer being electronically monitored, his demand that he be removed from electronic monitoring is moot; if

there is error in the electronic monitoring process, it is capable of repetition and no reason appears why it would evade review. Consequently, review of the merits of appellant's contention is not mandated. See *Chastain v. Baker*, 255 Ga. 432 (339 SE2d 241) (1986).

2. With regard to the trial court's decision on the Parole Board's requirement that appellant participate in sex offender counseling, we note that the Parole Board is statutorily vested with much discretionary power and authority with respect to the grant of parole.[1] When the issue in a petition for mandamus is the performance of a discretionary duty, "a public official's exercise of discretion will not be disturbed by a mandamus order unless the official's actions were 'arbitrary, capricious, and unreasonable.' [Cit.]" *Gilmer County v. City of East Ellijay*, 272 Ga. 774, 777 (2) (533 SE2d 715) (2000). Appellant contends he is entitled to removal of the condition of parole requiring him to take part in "sexual offender counseling" because he was not convicted of a "sexually violent offense," as that term is defined in OCGA § 42-1-12 (a) (7). Appellant is correct that none of the crimes he was convicted of committing (kidnapping, aggravated assault, and armed robbery) is a "sexually violent offense"; however, he is incorrect in his belief that sexual offender counseling may be required only of those convicted of sexually violent offenses. The circumstances of appellant's crimes had sexual overtones in that appellant threatened physical harm to a woman if she did not perform oral sex and inflicted physically-scarring injuries on one of the woman's breasts. See *Massey v. State*, supra, 265 Ga. 632 (1). Since the Parole Board is responsible for conditioning parole consistent with its primary goal of protecting society (OCGA § 42-9-40 (a)), it is not an arbitrary, capricious, and unreasonable act to condition the parole of one whose crimes had sexual overtones on participation in "sexual offender counseling." The trial court did not err in refusing to issue a writ of mandamus.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 15, 2002.

Donald Massey, *pro se.*

---

[1] OCGA § 42-9-20 gives the Parole Board the duty of determining who may be released on parole and of fixing the time and conditions thereof. OCGA § 42-9-42 (d) (1) reiterates this discretion when it provides that "[a]ny person who is paroled shall be released on such terms and conditions as the board shall prescribe." OCGA § 42-9-40 gives the Parole Board the authority to "adopt, implement, and maintain" a guideline for determining parole action that is consistent with the Parole Board's "primary goal of protecting society" and takes into consideration "the social factors which the board has found to have value in predicting the probability of further criminal behavior and successful adjustment under parole supervision."

*Thurbert E. Baker, Attorney General, Mary Beth Westmoreland, Deputy Attorney General, Richard A. Brownlow, James J. Phillips, Christopher S. Brasher, Assistant Attorneys General*, for appellee.