S12A0649, S12X0650. BURKE COUNTY v. ASKIN; and vice versa.
(732 SE2d 416)

HINES, Justice.

In Case No. S12A0649, Burke County, its Board of Commissioners, and various members of the Board, individually and in their official capacities (collectively "the County") appeal the superior court's grant of a writ of mandamus involving the obligation to maintain roads dedicated to the County. In Case No. S12X0650, Otis F. Askin, Sr., and Tiger, Inc. cross-appeal the failure of the superior court to grant certain other relief that Askin had requested. As to each appeal, we vacate the judgment of the superior court and remand with direction.

The evidence presented before the superior court showed that Pineview Subdivision was established in Burke County in 1954. In 1962, the roads shown on a plat of the subdivision were dedicated by deed to, and accepted by, Burke County, and the Burke County Board of Commissioners passed a resolution to "cut or build roads" in the subdivision; the streets appearing on the subdivision plat are Frances Avenue, Maple Drive, Poplar Drive, Elm Drive, and Sycamore Drive. The deed conveying these streets to Burke County stated that it was made "in consideration of the benefits to the property of the undersigned by the construction and mainteance [sic] of said roads." At some point, Maple Drive, Elm Drive, and a portion of Frances Avenue were constructed as unpaved roads; it does not appear that

the other roads were constructed, nor can it be established what person or entity constructed the roads that were built.

In 2004, Askin purchased several lots in Pineview Subdivision, and Tiger, Inc., a corporation affiliated with Askin (collectively "Askin"), purchased a tract of land outside of Pineview, but bordering on Frances Avenue. After attempts to have the County maintain the subdivision roads, Askin sought a writ of mandamus to compel the County to, inter alia, repair and maintain the roads. After a hearing, the superior court granted certain mandamus relief, concluding that the County was obligated to maintain Maple and Elm Drives, as well as complete the construction of Frances Avenue and maintain that entire street. But, the court also found that the County had no obligation to maintain Poplar and Sycamore Drives.

## Case No. S12A0649

1. The County contends that OCGA § 9-6-21 (b) is the exclusive authority under which a party can seek a writ of mandamus for road maintenance against a county board of commissioners. Under OCGA § 9-6-21 (b), upon application of "one or more citizens" of the county, a writ of mandamus will lie to compel the appropriate authority to place the public roads at issue in condition "up to the standard required by law, so that ordinary loads, with ordinary ease and facility, can be continuously hauled over such public roads."[1] The

---

[1] In its entirety, OCGA § 9-6-21 reads:

(a) Mandamus shall not lie as a private remedy between individuals to enforce private rights nor to a public officer who has an absolute discretion to act or not to act unless there is a gross abuse of such discretion. However, mandamus shall not be confined to the enforcement of mere ministerial duties.

(b) On the application of one or more citizens of any county against the county board of commissioners where by law supervision and jurisdiction is vested in such commissioners over the public roads of such counties and the overseers of the public roads complained of; or against the judge of the probate court where by law supervision, control, and jurisdiction over such public roads is vested in the judge and the overseers of the public roads that may be complained of; or against either, both, or all of the named parties, as the facts and methods of working the public roads in the respective counties may justify, which application or action for mandamus shall show that one or more of the public roads of the county of the plaintiff's residence are out of repair; do not measure up to the standards and do not conform to the legal requirements as prescribed by law; and are in such condition that ordinary loads, with ordinary ease, cannot be hauled over such public roads, the judges of the superior courts are authorized and given jurisdiction and it is made their duty, upon such showing being made, to issue the writ of mandamus against the parties having charge of and supervision over the public roads of the county; and to compel by such proceedings the building, repairing, and working of the public roads as are complained of, up to the standard required by law, so that ordinary loads, with ordinary ease and facility, can be continuously hauled over such public roads. The judges of the superior courts shall, by proper

County argues that, as it is uncontroverted that none of the Askin plaintiffs is a resident of Burke County, OCGA § 9-6-21 (b) therefore provides no authority for a grant of a writ of mandamus, and the trial court thus erred in failing to grant the County's motion to dismiss.

The trial court was correct to reject the County's argument. The trial court granted relief under the general mandamus statute, OCGA § 9-6-20,[2] which Askin asserted as an alternative basis for relief in an amended complaint. OCGA § 9-6-20 predates OCGA § 9-6-21 (b), and "[a] statute instituting a new remedy for an existing right does not take away a pre-existing remedy, without express words or necessary implication; the new remedy is cumulative, and either may be pursued." *Fountain v. Suber*, 225 Ga. 361, 364 (169 SE2d 162) (1969). See also *Van Valkenburg v. Stone*, 172 Ga. 642, 647 (158 SE 419) (1931) ("However, the adoption of [OCGA § 9-6-21 (b) in] 1903 did not in any way affect the general law of mandamus or the rules of practice and procedure as to this remedy previously existing."). And a county has a duty to maintain public roads in its county road system. See OCGA § 32-4-41 (1).[3] See also OCGA § 32-1-2.[4] Accordingly, the trial court did not err in addressing the petition for a writ of mandamus under OCGA § 9-6-20.

---

order, in the same proceedings compel the work done necessary to build, repair, and maintain such public roads up to the standard so prescribed.

[2] OCGA § 9-6-20 reads:

All official duties should be faithfully performed, and whenever, from any cause, a defect of legal justice would ensue from a failure to perform or from improper performance, the writ of mandamus may issue to compel a due performance if there is no other specific legal remedy for the legal rights; provided, however, that no writ of mandamus to compel the removal of a judge shall issue where no motion to recuse has been filed, if such motion is available, or where a motion to recuse has been denied after assignment to a separate judge for hearing.

[3] In pertinent part, OCGA § 32-4-41 reads:

The duties of a county with respect to its county road system, unless otherwise expressly limited by law, shall include but not be limited to the following:

(1) A county shall plan, designate, improve, manage, control, construct, and maintain an adequate county road system and shall have control of and responsibility for all construction, maintenance, or other work related to the county road system. Such work may be accomplished through the use of county forces, including inmate labor, by contract as authorized in paragraph (5) of Code Section 32-4-42, or otherwise as permitted by law. Nothing in this paragraph shall be construed to prevent a county from entering into a contract providing for a municipality to maintain an extension of the county road system within the municipal limits . . . .

[4] OCGA § 32-1-2 reads:

The purpose of this title is to provide a code of statutes for the public roads and other transportation facilities of the state, the counties, and municipalities of Georgia. The legislative intent is to provide an effective legal basis for the organization, administration, and operation of an efficient, modern system of public roads and other modes of transportation.

2. The County contends that the trial court erred in directing it to construct the portion of Frances Avenue that had not yet been built and to open it as a public road. The superior court found that all of the roads in Pineview Subdivision had been dedicated to the County and expressly accepted. That is correct; the express dedication of the streets in the subdivision by deed, together with the County's resolution regarding the streets, evidenced an acceptance of all streets in the dedication. *Hobbs v. Ware County*, 247 Ga. 385, 385-386 (2) (276 SE2d 575) (1981). See also *Ketchum v. Whitfield County*, 270 Ga. 180, 182 (508 SE2d 639) (1998). However, the fact that a county has accepted an express dedication of roads in a subdivision does not mean that the county is without discretion to leave certain of the roads therein unopened. As this Court held in *Chatham County v. Allen*, 261 Ga. 177, 178 (402 SE2d 718) (1991), a *public road* is one that is open to the public, see OCGA § 32-1-3 (24),[5] and it is within a county's discretion whether to open a subdivision road that has been dedicated to it.[6]

Askin asserts that *Chatham County* is inapposite because in that case the county's acceptance of the dedication was implied rather than there being an express dedication of the sort at issue here. We think that is a distinction without a difference. In *Chatham County*, as here, the county accepted the dedication of all streets in the subdivision, yet was still vested with the discretion to decide whether to open them all. Similarly, Burke County was vested with the legal authority to open or keep closed streets it had accepted.

In its order, the superior court recognized the principle that the County had discretion whether to open the roads at issue, and cited that discretion as the basis for denying mandamus relief as to Poplar and Sycamore Drives. However, in granting mandamus relief insofar as the County was ordered to open the currently unopened section of Frances Avenue, the court did not properly respect the County's discretion. "Mandamus will issue against a public official only where the petitioner has demonstrated a clear legal right to relief or a gross abuse of discretion." *Gwinnett County v. Ehler Enterprises*, 270 Ga. 570 (1) (512 SE2d 239) (1999). "[A] public official's exercise of discretion will not be disturbed by a mandamus order unless the official's

---

[5] OCGA § 32-1-3 (24) reads in pertinent part:
"Public road" means a highway, road, street, avenue, toll road, tollway, drive, detour, or other way that either is open to the public or has been acquired as right of way, and is intended to be used for enjoyment by the public and for the passage of vehicles in any county or municipality of Georgia . . . .

[6] We note that the deed conveying the roads in this case contained a reversion clause similar to that found in *Pittman v. City of Jesup*, 232 Ga. 635, 636 (208 SE2d 456) (1974).

actions were arbitrary, capricious, and unreasonable." *Massey v. Georgia Bd. of Pardons & Paroles*, 275 Ga. 127, 128 (2) (562 SE2d 172) (2002) (Citations and punctuation omitted). The court's order, correctly, did not find that Askin had a clear legal right to the full opening of Frances Avenue. In granting relief, the court stated that the County's decision not to open all of Frances Avenue was an abuse of discretion, but at no point in its order did the court find that the decision was arbitrary, capricious, and unreasonable, or that it was a "gross abuse" of discretion; indeed, nowhere in the order was the proper standard articulated. Inasmuch as the trial court granted relief based upon an incorrect legal standard, the judgment must be vacated and the case remanded for the court to reconsider its decision in light of the applicable legal standard. See *Gwinnett County v. Davis*, 268 Ga. 653, 654 (492 SE2d 523) (1997). Although the superior court stated that a road over the full length of Frances Avenue was a "necessity," the case nonetheless must be remanded "because we cannot say what the trial judge would have concluded if [the judge] had been relying on the correct theory." Id. (Citations and punctuation omitted.)

3. The County also argues that the evidence did not authorize the superior court to determine that the entirety of Frances Avenue was in a state such that "ordinary loads, with ordinary ease and facility" could not be transported over them. To the extent that this argument may be relevant on remand, it must be noted that, in determining in what condition the roads had to be maintained, the superior court applied the standard found in OCGA § 9-6-21 (b), i.e., that "ordinary loads, with ordinary ease and facility, can be continuously hauled over such public roads." Of course, as noted above, see Division 1, supra, OCGA § 9-6-21 (b) does not apply as no plaintiffs are citizens of the county. Rather, the trial court granted relief under OCGA § 9-6-20. But, the specific application of OCGA § 9-6-21 (b) is not necessary for the superior court to apply the standard it did. A county's duty under OCGA § 32-4-41 (1) includes maintaining its roads, and " '[m]aintenance' means the preservation of a public road, including repairs and resurfacing not amounting to construction . . . ." OCGA § 32-1-3 (15). Although the superior court did not explicitly state that the general obligation to maintain roads under OCGA § 32-4-41 (1) embraces the specific standard set forth in OCGA § 9-6-21 (b), such a conclusion is implicit in the order, and it is one with which we agree.[7] To construe

---

[7] To the extent that the County argues that the evidence did not support the superior court's factual findings regarding the condition of Frances Avenue, Maple Drive, and Elm Drive, and to the extent that the issue is relevant upon remand of the case, we note that there was

the obligation to maintain roads under OCGA § 32-4-41 (1) so as to permit public roads to be "maintained" in a manner other than one in which ordinary traffic could be taken over them would be an absurd result, defying common sense. See *State v. Mulkey*, 252 Ga. 201, 204 (2) (312 SE2d 601) (1984).[8]

4. The superior court's order also states that the County would be obligated to pave all of the roads in Pineview Subdivision if, in the future, the County denies Askin a building permit within the subdivision "on such dirt roads because of [the County's] existing ordinances or any other reason." Again, to the extent that this issue is relevant on remand, the County correctly argues that this portion of the order is overly broad; no clear legal right to such relief has been shown, nor has any abuse of the County's discretion been demonstrated regarding any future act of denying a permit "because of [the County's] existing ordinances or any other reason." See *Gwinnett County v. Ehler Enterprises*, supra. Accordingly, this portion of the order is also error.

## Case No. S12X0650

5. In the cross-appeal, Askin contends that the trial court erred in failing to order that Poplar and Sycamore Drives be opened, constructed, and maintained. As discussed above, see Division 2, supra, the County's decision not to open these roads is discretionary, and, upon the remand of this case, mandamus will be proper only if it is shown that the exercise of the County's discretion was "arbitrary, capricious, and unreasonable." *Massey*, supra.

6. Before Askin filed the petition for a writ of mandamus, the Burke County Board of Commissioners adopted a resolution to formally abandon Frances Avenue, and Askin's petition requested an order setting aside the purported abandonment. However, prior to the issuance of the trial court's order, the Board passed a resolution revoking the attempted abandonment, and the trial court correctly

---

evidence in the record to support the court's factual findings, albeit those findings were made under an incorrect legal standard. See Division 2, supra.

[8] The County suggests that this would produce an absurd anomaly in that it would entitle a person who is not a county resident to a writ of mandamus upon a showing that county officials have failed to comply with an official duty, without the additional showing a county resident must make under OCGA § 9-6-21 (b) that the roads "are in such condition that ordinary loads, with ordinary ease, cannot be hauled over [them]." But, as the duty of the county officials is the same, regardless of whether the petition for mandamus is viewed under OCGA § 9-6-21 (b) or OCGA § 9-6-20, there is no anomaly. No question is presented in this case regarding the standing of a non-county resident to bring a mandamus action to compel the roads of a county to be properly maintained.

concluded that the matter was moot. The trial court was also correct in refusing to enjoin the County from abandoning the road; the County's discretionary authority to abandon such a road is granted by statute, and the trial court's role is limited to review of any such exercise of that discretion. *Scarborough v. Hunter*, 288 Ga. 687, 689-690 (706 SE2d 650) (2011).

*Judgments vacated and cases remanded with direction. All the Justices concur.*

DECIDED OCTOBER 15, 2012.

*Fleming & Nelson, Barry A. Fleming, Frank A. Nelson*, for appellants.

*Burnside Wall, Thomas R. Burnside III, James W. Ellison*, for appellees.