FINAL COPY
294 Ga. 634

S13A1360. BURKE COUNTY et al. v. ASKIN et al.

THOMPSON, Chief Justice.

Burke County, its Board of Commissioners, and members of the Commission ("the County") appeal the superior court's grant of a writ of mandamus requiring the County to repair, maintain and construct certain roads dedicated to the County.[1] This is the second appearance of this case before the Court. See Burke County v. Askin, 291 Ga. 697 (732 SE2d 416) (2012) ("*Burke County I*"). In the prior appeal and cross-appeal, this Court vacated the superior court's grant of mandamus relief and remanded the case with direction for the court to reconsider under the proper legal standard that portion of its ruling requiring the County to construct and maintain a previously unopened section of roadway. On remand, the superior court again issued a writ of mandamus granting the relief requested and the County appeals. For the reasons discussed below, we affirm the decision of the superior court.

The evidence shows that in 1962 five roads shown on a plat of Pineview,

---

[1] Although the notice of appeal in this case was filed on behalf of all defendants in the action below and docketed accordingly, the only defendant actively pursuing this appeal appears to be Burke County.

a proposed subdivision located in Burke County, were dedicated by deed to, and accepted by, the County, which thereafter passed a resolution to "cut or build" the roads. At some point, three of the roads were constructed as unpaved roads. Pineview's proposed main thoroughfare, Frances Avenue, was one of the roads constructed, although the last few hundred feet remained unfinished. The two remaining roads on the plat appear never to have been built.[2]

In 2004, Otis F. Askin, Sr., and Tiger, Inc., appellees, purchased a large amount of undeveloped property in the county fronting on Frances Avenue. While only some of appellees' property is located within the Pineview subdivision, all of it fronts on Frances Avenue which provides sole access to the property. Appellees divided the property into lots and prepared a new subdivision plat, which the County approved. Subsequently, appellees asked the County to repair and maintain all the county roads in Pineview, but the County refused. Appellees filed suit, and the Burke County Superior Court issued a writ

---

[2] Although not determinative of the issues in this appeal, we note that there is some uncertainty whether these two roads and the last segment of Frances Avenue were, in fact, built. In its order granting mandamus, the superior court included portions of an expert engineer's testimony which states, in pertinent part, that "[t]he deteriorated condition of Sycamore Drive, Maple Drive [sic], and the last 400 feet of Frances Avenue make it difficult to determine if those portions of road were ever built."

of mandamus ordering the County to repair and maintain the existing three roads, including building the final segment of Frances Avenue which provided access to lots on the north end of the road. The superior court denied mandamus relief with respect to the remaining two subdivision roads, finding the County had no obligation to construct and maintain these unopened roads.

On appeal, this Court determined, among other things, that with respect to its grant of mandamus relief requiring the County to build and maintain the previously unopened section of Frances Avenue, the superior court failed to apply the proper legal standard for relief, i.e., that the County's decision not to construct the entire road had been arbitrary, capricious, and unreasonable, or a gross abuse of discretion. Burke County I, supra at 701. Accordingly, we vacated the superior court's order and remanded the case with instructions for the court to reconsider its ruling as to the unfinished segment of Frances Avenue under the proper standard of review. Id. On remand, the superior court again found in favor of appellees and granted a writ of mandamus requiring, in part, that the County repair, maintain and construct Frances Avenue in its entirety. In the present appeal, the County challenges the trial court's order only insofar

3

as it requires the County to construct the unopened portion of Frances Avenue.[3]

1. The County first argues that the superior court erred in granting relief compelling the County to construct and maintain a previously unopened segment of roadway because in the context of requests for road maintenance, mandamus relief is limited to requests regarding existing public roads. In the first appearance of this case before this Court, however, we determined that the decision whether to open the unopened portion of Frances Avenue was a discretionary act to which mandamus relief would be available under certain limited circumstances. See Burke County I, 291 Ga. at 700. As this issue was decided by this Court in the prior appeal, the County may not relitigate it here.

---

[3] It is important to note that the issue of abandonment is not currently before this Court. The County revoked its first attempt to abandon the Pineview roads prior to the superior court's original grant of mandamus relief, thus the superior court correctly concluded petitioner/appellees' request that the abandonment be set aside was moot. See Burke County I, supra at 702-703. While the previous appeal of this case was pending before this Court, however, the Burke County Board of Commissioners again voted to abandon all interest in the roads of Pineview subdivision pursuant to OCGA § 32-7-2 (b)(1). Thereafter, appellees filed an action in Columbia County Superior Court seeking review of this decision. The superior court judge in the Burke County mandamus action also heard the Columbia County abandonment proceeding and, in an order issued contemporaneously with that currently on appeal, reversed the abandonment resolution with regard to the three previously constructed subdivision roads to which the court had granted mandamus relief finding the County had abused its discretion in abandoning these roads. The County has appealed the ruling in the Columbia County case to the Court of Appeals. Burke County v. Askin, A13A1909.

4

See OCGA § 9-11-60 (h) ("[A]ny ruling by the Supreme Court or the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in the Supreme Court or the Court of Appeals. . . ."). Accordingly, the County's first enumeration of error lacks merit.

2.   In its remaining enumerations of error, the County challenges the superior court's determination on remand that the County's failure to construct a road over the full length of Frances Avenue was arbitrary, capricious, unreasonable and a gross abuse of discretion.  The grant or denial of mandamus relief in cases such as this one lies largely in the discretion of the presiding judge.  See Van Valkenburg v. Stone, 172 Ga. 642, 647 (158 SE 419) (1931).[4]

---

[4] Since the propriety of the County's abandonment of Frances Avenue was not an issue before the superior court on remand, see Burke County I, supra at 702-703, nor is it an issue raised by the County on appeal in this case, see n. 3 of this opinion, the standard of review on appeal is distinguishable from that set forth in our recent decision in Scarborough v. Hunter, 293 Ga. 431 (746 SE2d 119) (2013).  In Scarborough, a complaint for mandamus relief was used to obtain judicial review of the county's exercise of discretion in abandoning a road under OCGA § 32-7-2 (b) (1), thus we determined the correct standard of review on appeal with respect to the mandamus order was "whether there is any evidence supporting the decision of the local governing body, not whether there is any evidence supporting the decision of the superior court." Id. at 436 (quoting Fulton County v. Congretation of Anshei Chesed, 271 Ga 856, 859-860 (572 SE2d 530)  (2002)).  This standard is not applicable, where, as here, the issue on appeal does not involve the superior court's review of a county's decision to abandon a public road pursuant to OCGA § 32-7-2 (b) (1), but rather the superior court's issuance of writ of mandamus based on the County's failure to properly build, repair and maintain county roads.  See Burke County I, supra at 698-699, 702-703.

5

This Court will not interfere with a trial court's decision granting mandamus relief absent a showing that the court manifestly abused its discretion. Id. at 647-648.

Here, the only question before us is whether the superior court manifestly abused its discretion and erred in granting mandamus relief to appellees with respect to the unfinished segment of Frances Avenue. The superior court found that regardless of whether the County previously built the existing road or simply accepted the road as built, it had agreed under the 1962 resolution and deed to build the entirety of Frances Avenue, and completion of the entire road remained a necessity because the final few hundred feet provided sole access to certain lots in the Pineview subdivision. Accordingly, the superior court concluded the County's failure to finish the construction of Frances Avenue was arbitrary, capricious, unreasonable, and a gross abuse of discretion.[5]

(a) The County asserts that a decision is arbitrary and capricious if it lacks a rational basis and argues that its refusal to construct and maintain the entirety

---

[5] In rendering its decision, the superior court also noted that, in 2009, the County had approved appellees' plat for a new subdivision on undeveloped property across from Pineview, allowing for the creation of even more residential lots fronting on the unfinished segment of Frances Avenue and that appellees relied in good faith on such approval.

6

of Frances Avenue was rationally related to the governmental purpose of maintaining the county road system and directing road funds in the most effective and efficient manner. The only evidence on which the County relies, however, is evidence showing that the final segment of Frances Avenue was not constructed during the original development of the subdivision, as well as evidence showing that the existing development on Frances Avenue is minimal and that all the parcels platted on the unfinished segment are undeveloped and owned by appellees. Far from providing a rational basis for the county's failure to complete Frances Avenue, this evidence is merely reflective of the fact that prior to the instant proceedings the county took no action for decades with regard to the public roads in Pineview, and it provides support for the superior court's finding that the County's neglect of its statutory duties with respect to the Pineview roads was long-standing and due primarily to a mistaken belief by county officials that the Pineview roads were private.[6] This evidence also

---

[6] Among evidence cited in the superior court's opinion is testimony by the Burke County Administrator that he thought Frances Avenue was a private road at the time appellees' 2009 plat was approved. Also noted is evidence the Burke County Commission indicated in its subsequently rescinded October 12, 2010 resolution abandoning Frances Avenue, that it did not believe the County owned any interest in Frances Avenue and believed the " . . . unopened road to be a private road serving no substantial public purpose."

7

supports the superior court's conclusion that the County's failure to build and maintain the final few hundred feet of Frances Avenue had adverse effects on appellees' ability to access, develop and/or market their property.

In Burke County I, we confirmed that "a county has a duty to maintain public roads in its county road system." 291 Ga. at 699. See OCGA § 32-4-41 (1).[7] Further, we agreed that "the general obligation to maintain roads under OCGA § 32-4-41 (1) embraces the specific standard [of required maintenance] set forth in OCGA § 9-6-21 (b)."[8] Id. at 701. See Hardy v. Prather, 208 Ga. 764, 765 (69 SE2d 269) (1952). As there was evidence that the County's failure to construct, maintain and repair the full length of Frances Avenue, a public county

---

[7] In pertinent part, OCGA § 32-4-41 provides:
    The duties of a county with respect to its county road system, unless otherwise expressly limited by law, shall include but not be limited to the following:
            (1) A county shall plan, designate, improve, manage, control, construct, and maintain an adequate county road system and shall have control of and responsibility for all construction, maintenance, or other work related to the county road system. . . .

[8] In pertinent part OCGA § 9-6-21 (b) reads:
    (b) . . . the judges of the superior courts are authorized and given jurisdiction . . . to issue the writ of mandamus against the parties having charge of and supervision over the public roads of the county . . . to compel . . . the building, repairing, and working of the public roads as are complained of, up to the standard required by law, so that ordinary loads, with ordinary ease and facility, can be continuously hauled over such public roads.

road, over the past 50 years was due to the County's mistake and neglect rather than the lawful exercise of the County's discretion,[9] the superior court was authorized to find the County's refusal to complete the unfinished portion of the road was arbitrary, capricious, unreasonable and a gross abuse of discretion, especially given the County's acceptance and approval of both the original Pineview subdivision plat and the more recent subdivision plat submitted by appellees in 2009.

(b) Nor is there merit to the County's assertion that the superior court based its decision requiring the County to complete construction of Frances Avenue on a finding that the County had an "unyielding obligation" to construct the Pineview roads because it accepted the dedication of these roads. The superior court specifically recognized that it is within a county's discretion whether to open a subdivision road dedicated to it and further observed that as undeveloped streets in a subdivision are not public roads within the meaning of

[9] "[C]ounty authorities can not lawfully discontinue a public road, either in whole or in part, except in the manner prescribed by law. . . ." Barham v. Grant, 185 Ga. 601, 603 (196 SE2d 43) (1937). See Young v. Sweetbriar, Inc., 222 Ga. 262, 268 (149 SE2d 474) (1966) (where entire length of a street has been expressly dedicated and accepted as a public street, mere nonuser of a portion of the street within the fixed limits of the express dedication, does not amount to an abandonment of it).

OCGA § 9-6-21 (b), a county is under no obligation to open or maintain them. See <u>Chatham County v. Allen</u>, 261 Ga. 177 (402 SE2d 718) (1991).[10] Accordingly, the superior court denied mandamus relief with respect to two of the five dedicated and accepted Pineview roads, finding that these roads were never cut or constructed, that appellees purchased their properties with such knowledge, and that these particular roads were not necessary for access to any parcel of land. Based on these findings, the superior court determined the County's failure to open and construct these roads was not arbitrary, capricious, unreasonable, or a gross abuse of discretion.

In contrast, the superior court based its differing treatment of Frances Avenue on the fact that, unlike the two unopened subdivision roads, Frances Avenue was a road which had been open and used by the public for years as a means of accessing the Pineview subdivision. Further, the unfinished segment of Frances Avenue provided sole access to county approved subdivision lots.

---

[10] The law has changed since <u>Allen</u> was decided and the property in this case acquired. The definition of "public road" set forth in OCGA § 32-1-3 (24) now includes "a highway, road, street, avenue, toll road, tollway, drive, detour, or other way that either is open to the public or has been acquired as right of way, and is intended to be used for enjoyment by the public and for the passage of vehicles in any county or municipality of Georgia." Compare <u>Allen</u>, supra at 177. We express no opinion on whether <u>Allen</u> remains good law given the expanded definition.

Compare Torbett v. Butts County, 271 Ga. 521, 522 (520 SE2d 684) (1999) (no abuse of discretion by county in closing portion of public road where there were no existing residences on that part of road and alternate routes existed to access property impacted); Smith v. Bd. of Commrs. of Athens-Clarke County, 264 Ga. 316 (444 SE2d 775) (1994).

(c)  Finally, the County contends the superior court abused its discretion by finding that the full opening of Frances Avenue was a necessity.  For the reasons previously stated in Division 2 (a), we find there is evidence supporting the superior court's determination in this regard.  Accordingly, we find no manifest abuse of discretion on the part of the trial court in granting the mandamus relief requested.

Judgment affirmed.  All the Justices concur.

Decided March 3, 2014.

Mandamus. Burke Superior Court. Before Judge Roper.

Fleming & Nelson, Barry A. Fleming, Frank A. Nelson, for appellants.

Thomas R. Burnside III, Wall Ellison, James W. Ellison, for appellees.