**SECOND DIVISION**
**MERCIER, C. J.,**
**MILLER, P. J., and HODGES, J.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 24, 2023**

# In the Court of Appeals of Georgia

A23A0860. MADISON v. OLD 41 FARM, LLC.

HODGES, Judge.

Pamela Madison, in her capacity as city manager for the City of Adairsville, brings this discretionary appeal from the trial court's grant of a writ of mandamus ordering her to issue a favorable sewer availability letter to Old 41 Farm, LLC, a landowner desiring to develop a 50-lot residential subdivision outside Adairsville's city limits. Finding error, we reverse the trial court's grant of the writ of mandamus.

"This Court will not interfere with a trial court's decision granting mandamus relief absent a showing that the court manifestly abused its discretion." *Burke County v. Askin*, 294 Ga. 634, 637 (2) (755 SE2d 747) (2014); accord *Adams v. Neykov*, 356 Ga. App. 884, 885 (849 SE2d 712) (2020). Where the trial court reviews an official's "exercise of discretion . . . the correct standard of review on appeal with respect to the

mandamus order [is] 'whether there is any evidence supporting the decision of the local governing body, not whether there is any evidence supporting the decision of the superior court.'" *Askin*, 294 Ga. at 637 (2), n. 4, quoting *Scarborough v. Hunter*, 293 Ga. 431, 436 (2) (b) (746 SE2d 119) (2013) (finding that the question before the trial court was whether the local governing body's decision was so arbitrary and capricious that it amounted to a gross abuse of discretion). We review questions of law de novo. See *Blalock v. Cartwright*, 300 Ga. 884, 885 (I) (799 SE2d 225) (2017).

The record shows that in April 2022, Old 41 Farm sought a statement of utility availability from the City of Adairsville. Madison's office responded that same month, providing Old 41 Farm with a favorable statement of availability regarding water and gas, but denying its request for a favorable statement regarding sewer availability. Specifically, Madison's office responded with a City of Adairsville Water and Sewer Availability Form which informed Old 41 Farm that "[s]ewer capacity [is] not available without system upgrades on 8 inch sewer line and downstream 12 inch sewer line." The form noted that another potential subdivision had been denied sewer capacity "for the same reason in July 2020." The documentation also included an engineering report containing a detailed analysis of

why the sewer system was deemed inadequate for Old 41 Farm's request and cost estimates for upgrading it.

In July 2022, Old 41 Farm petitioned the trial court for a writ of mandamus, contending that Madison "has refused to provide a favorable sewer availability letter[]" and that Old 41 Farm "is entitled to a favorable sewer availability letter based on existing [sewer] capacity[.]" Old 41 Farm specifically alleged that Madison's denial was "arbitrarily and capriciously" based on an unlawful reservation of future use for another development, and that she could not deny Old 41 Farm's request "based on possible future use." Madison answered and sought dismissal of the petition.

Following a hearing, the trial court issued an order granting mandamus and finding both that Old 41 Farm had shown a clear legal right to relief and, alternatively, that Madison had grossly abused her discretion in not granting Old 41 Farm a favorable sewer availability letter. We granted Madison's application for a discretionary appeal.

> Mandamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy. The writ of mandamus is properly issued only if (1) no other adequate legal remedy is available to effectuate the relief sought; and (2) the

3

applicant has a clear legal right to such relief. Further, for mandamus to issue, *the law must not only authorize the act to be done, but must require its performance*. Where performance is required by law, a clear legal right to relief will exist either where the official or agency fails entirely to act or where, in taking such required action, the official or agency commits a gross abuse of discretion. Mandamus shall not lie as to a public officer who has an absolute discretion to act or not to act unless there is a gross abuse of such discretion. However, mandamus shall not be confined to the enforcement of mere ministerial duties. A gross abuse of discretion occurs where an official performs a discretionary duty in a manner that is arbitrary, capricious, and unreasonable.

(Citations and punctuation omitted; emphasis supplied.) *Love v. Fulton County Bd. of Tax Assessors*, 311 Ga. 682, 692-693 (3) (a) (859 SE2d 33) (2021); accord *Dunn v. City of Stonecrest*, 368 Ga. App. 736, 744 (2) (890 SE2d 781) (2023) ("But where the applicable law vests the official or agency with discretion with regard to whether action is required in a particular circumstance, mandamus will not lie, because there is no clear legal right to the performance of such an act.") (citation and punctuation omitted). "[T]he burden is upon the party seeking mandamus to show the existence of such a duty." *Forsyth County v. White*, 272 Ga. 619, 620 (2) (532 SE2d 392) (2000).

In this case, the burden was on Old 41 Farm to show not that Madison had a duty to act — it is undisputed that she acted by rendering her decision — but rather that Madison had a clear legal duty such that she was required to *grant* the sewer availability letter. Setting aside the issue of whether another adequate legal remedy is available,[1] we find, as explained below, Old 41 Farm has failed to meet its burden of showing it has a clear legal right to the relief sought. Further, we find that Madison did not grossly abuse her discretion in denying the request for a favorable availability letter. We note at the outset that "when the law requires an official to exercise discretion, mandamus will lie to compel that discretion be exercised, but not to dictate the result[.]" *Ga. Assn. of Professional Process Servers v. Jackson*, 302 Ga. 309, 313 (2) (806 SE2d 550) (2017), superseded by statute on other grounds as recognized in *Brock v. Hardman*, 303 Ga. 729, 730 (1) (814 SE2d 736) (2018).

1. Madison argues that mandamus was inappropriate because the law at issue — certain sections of the City of Adairsville's Code of Ordinances — does not require her to grant a favorable sewer availability letter, meaning there is no clear legal right to relief. We agree.

---

[1] Neither party addresses whether any other adequate legal remedy exists.

Both below and on appeal, Old 41 Farm pointed to Section 45-2 and Section 45-24 of the City of Adairsville's Code of Ordinances in contending that Madison was required to grant a favorable sewer availability letter. Section 45-2, entitled "Utility Availability Statement[,]" provides in its entirety that: "Developers of new construction residential or commercial developments must request from the city prior to beginning construction a statement of utility availability which shall be valid for one year from the date of its issuance." Section 45-24 provides that Madison, or those she delegates, "shall administer, implement, and enforce the provisions of this article." The "provisions of this article" include Section 45-2.

The trial court found that Old 41 Farm had a clear legal right to relief because it interpreted the term "availability" in Section 45-2 to be a "quantitative measure." According to the trial court, Madison could only calculate current sewer capacity and add it to any future capacity which already had been reserved pursuant to the ordinance for a period of one year by other parties who had requested and received favorable sewer availability letters. The court specifically found that Madison was limited to the above-described calculation, and was "not empower[ed] to exercise discretion" in issuing sewer availability letters. We find, contrary to this argument, that Madison was vested with broad discretion by the ordinances at issue.

6

We begin our analysis by recognizing that fundamental rules of statutory construction apply in this context. See *City of Atlanta v. Miller*, 256 Ga. App. 819, 820 (1) (569 SE2d 907) (2002) (finding that the principles of statutory construction apply in the construction of ordinances). These principles require us to construe the ordinances according to their terms, giving the words their plain and ordinary meaning. See *Atlanta Independent School System v. Atlanta Neighborhood Charter School*, 293 Ga. 629, 631 (748 SE2d 884) (2013) (construing statute in mandamus case). Further, we will not read into the ordinances language that the drafters did not include. We must presume that those drafters meant what they said and said what they meant. See *City of Suwanee v. Padgett*, 364 Ga. App. 34, 36 (2) (873 SE2d 712) (2022).

(a) *Clear legal right*. Under the mandamus standard, Old 41 Farm must show that it has a clear legal right to the relief sought, specifically, that "the law must not only authorize the act to be done, but must require its performance." (Citation omitted.) *Love*, 311 Ga. at 693 (3) (a). The required performance here, according to Old 41 Farm, is the grant of a favorable sewer availability letter.

7

The plain language of Section 45-2 provides that developers "must request" a statement of utility availability; it neither guarantees nor mandates that such a request be granted. It is undisputed that, as noted above, Section 45-24 provides that Madison "shall administer, implement, and enforce the provisions of this article." The plain language of the ordinances does not actually provide that Madison must respond to utility availability requests,[2] though it gives her the discretion to do so, as will be discussed in more detail below. However, she did respond when she denied the request for a favorable availability letter. Contrary to Old 41 Farm's argument,

> [n]othing in the operative [ordinances], however, required [Madison] to respond differently to the request. As [city manager, Madison] is empowered to supervise administration and enforcement of the [applicable ordinances], . . . [b]ut we have not found, and [Old 41 Farm] has not cited, any provision requiring [the city manager] to treat [a utility letter request] in any particular manner."

*Dunn*, 368 Ga. App. at 744 (2).

---

[2] See *Bland Farms v. Ga. Dept. of Agriculture*, 281 Ga. 192, 193 (637 SE2d 37) (2006) ("The duty which a mandamus complainant seeks to have enforced must be a duty arising by law, either expressly or by necessary implication[.]") (citation and punctuation omitted).

In *Dunn*, this Court determined that the director of the Environmental Protection Division of the Georgia Department of Natural Resources did not abuse his discretion in how he responded to a citizen complaint letter regarding the revocation of a permit because "Dunn's general authority [did] not require him to respond to citizen complaint letters in a specified manner or pursuant to any particular timetable." Id. (finding mandamus not warranted because the citizens' group which wrote the complaint letter had shown no clear legal right to relief). Likewise, in the instant case, neither of the ordinances to which Old 41 Farm refers requires Madison to respond to requests for utility availability letters in any particular way or to respond on any particular timetable. Neither forbids her from using future sewer availability or lack thereof as part of her analysis. Section 45-2 only provides that if such letters are granted, they are valid for one year. The plain language of the ordinances on which Old 41 Farm relies certainly does not require that Madison grant such requests. In other words, even if the ordinances required Madison to respond, their plain language still imbues her with the discretion to grant — or deny — requests. See Division (1) (b).

"The mere authorization to act is insufficient to support mandamus unless the law requires performance of the duty. [Madison] has discretion in the method and

9

manner" in which she assesses whether to grant or deny utility availability letters. (Citation and punctuation omitted.) *Dunn*, 368 Ga. App. at 744 (2). Although "mandamus is proper to compel the undertaking of some official action to which the petitioner has a clear legal right, . . . it is not proper either to prescribe how that action is taken or to preordain its result." *Bibb County v. Monroe County*, 294 Ga. 730, 736 (2) (b) (755 SE2d 760) (2014); see also *Ga. Dept. of Transp. v. Peach Hill Properties*, 278 Ga. 198, 201 (2) (599 SE2d 167) (2004) (holding that mandamus was proper to require an agency to develop reasonable guidelines for seeking exemptions from aviation regulations, but was not proper to dictate the agency's decision on particular exemption requests).

The ordinances at issue, by their plain language, do not "require" that Madison grant a favorable sewer availability letter. See *Love*, 311 Ga. at 693 (3) (a). To engage in extra-textual imagination to the contrary would be impermissible. *Padgett*, 364 Ga. App. at 36 (2).[3] It also would be illogical. An automatic grant of requests seeking sewer availability for any number of homes or businesses (in the instant case, outside

_____

[3] As the Georgia Municipal Association, Inc., pointed out in its amicus curiae brief in support of Madison in this case, "in our system of limited government, [the judiciary's] duty is to hold parties to the language they use [in ordinances] and not to save them from it." *Camden County v. Sweatt*, 315 Ga. 498, 517-518 (883 SE2d 827) (2023) (Bethel, J., concurring dubitante).

10

city limits) — without consideration of a city's ability or inability to offer availability within the letter's one-year timeline and without consideration of financial, geographic, legal, contractual, or other issues — would lead to infrastructure chaos. Section 45-2, by its plain language, does not require Madison to grant a favorable sewer availability letter. Because Old 41 Farm has failed to show a clear legal right to the relief sought — a *favorable* sewer availability letter — the trial court erred in granting the mandamus. See *Dunn*, 368 Ga. App. at 744 (2) (concluding that mere authorization to act does not support mandamus absent a legal requirement that a duty be performed).

(b) *Madison's discretion*. As we determined in Division (1) (a), Old Farm 41 has shown no clear legal right to a sewer availability letter. Contrary to the trial court's finding, the ordinances gave Madison the discretion to respond — or not to respond — and because she exercised discretion in responding, we must examine whether she grossly abused that discretion. We find that she did not.

Again, Old 41 Farm's appeal turns on its contention that Madison was required to grant the sewer availability letter because she did not have the discretion to factor

the future sewer use of another development into her calculations.[4] Old 41 Farm, however, points to nothing in the ordinances that addresses or restricts how Madison is to carry out her duties, such as what information or data she must use, or how she must use it, when determining any response to a request for an availability letter. Contrary to the trial court's view, nothing in Section 45-2 addresses any sort of calculation that Madison must conduct related to availability letters, nor does it place any restrictions upon her in assessing current versus future sewer availability. Because the ordinance "prescribes no particular process by which [Madison] is to . . . reach a decision, these matters fall within [Madison's] discretion." See *Bibb County*, 294 Ga. at 731, 733 (1), 738 (2) (b) (finding that in boundary-line dispute, where statute mandated no specific decision-making process or manner by which

---

[4] There was testimony that the other subdivision's sewer availability had been reserved years earlier — since 2006 or 2008, approximately — although the number of homes planned for that subdivision had changed over time. Madison testified that "the city committed to reserve" that availability for the other subdivision. Old 41 Farm argued that this other development had never even received a favorable sewer availability letter. The ordinance requiring developers to request an availability letter, which is valid for one year from issuance, was not enacted until 2017, however, long after Madison testified the city had made its commitment. Neither party presents any argument or citation to authority regarding whether Section 45-2 applies retroactively, so we do not address the issue further, and, again, Section 45-2's plain language does not limit Madison's discretion to consider future sewer commitments or availability.

12

Georgia's secretary of state was to receive evidence or reach a decision, the matter was discretionary and "the superior court lacked the authority to require [him] to accept a particular line as the true boundary line"); see also *Boyd v. Neal*, 350 Ga. App. 274, 282 (3) (828 SE2d 650) (2019) (finding that where the plain language of the State health benefits plan statutes "prescribes no particular process by which the Board [of Community Health] is to develop the health insurance plan[,] or what constitutes a 'reasonable relationship' between benefits and expenses, . . . the Board has wide discretion in establishing reasonable controls for the [p]lan to remain economically viable" and that mandamus "is not proper either to prescribe how [an] action is taken or to preordain its result") (citation and punctuation omitted); accord *Love v. Fulton County Bd. of Tax Assessors,* 348 Ga. App. 309, 318 (2) (821 SE2d 575) (2018). It is well-settled that "[m]andamus can be used to compel an official to exercise his or her discretion, but not to direct the manner in which that discretion is exercised." (Citation and punctuation omitted.) Id. at 317 (2).

Old 41 Farm argues, and the trial court found, that Madison grossly abused this discretion because, inter alia, the reports upon which Madison relied to reach her determination contained errors. At one point, she also mentioned an erroneous number of future homes to be built in a different development in discussions with Old

13

41 Farm, but that number was not used in her determinations or in the engineering reports upon which she relied. Pertinently, the engineer for the city testified that even absent the inclusion of the errors in Madison's determination, the city was "still over capacity" and the mistaken assumption "did not change the lack of capacity for the 8-inch sewer line."

Old 41 Farm also argues that Madison grossly abused her discretion because of the overall methodology she used in making her assessment. Although the trial court acknowledged that the city could "rely on any accepted engineering method it chooses to evaluate sewer capacity," it determined that Madison had used an accepted, yet "inferior" method, which involved "only projections and calculations" rather than the "preferred" method of using metered measurements of sewer flow. The trial court found that this, coupled with the errors, amounted to a gross abuse of discretion.

The well-settled standard of review, as stated by our Supreme Court, mandates otherwise. "If there was 'any evidence' to support the denial of [Old 41 Farm's] application, [Madison] did not grossly abuse [her] discretion, and the superior court erred in weighing the evidence to reach a contrary decision." *City of Roswell v. Fellowship Christian School*, 281 Ga. 767, 768 (1) (642 SE2d 824) (2007) (reversing

14

grant of mandamus by finding that evidence supported local board's decision that traffic congestion was a valid ground for denying a zoning permit). The trial court erred in finding that Madison lacked the discretion to deny the request for an availability letter, and in finding that she grossly abused that discretion.

2. Because of our determinations in Division 1, we need not reach arguments pertaining to the city's duty, or lack thereof, to provide sewer service outside its boundaries, nor need we reach contentions regarding the city's extraterritorial service area.

*Judgment reversed. Miller, P.J., concurs and Mercier, C. J., concur*s *in judgment only.*