**FIFTH DIVISION**
**BROWN, C. J.,**
**RICKMAN, P. J., and MERCIER, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.gov/rules**

**June 29, 2026**

# In the Court of Appeals of Georgia

A26A0697. ARRINGTON v. SATCHER et al.

RICKMAN, Presiding Judge.

This case arises out of an ethics complaint filed in November 2020 against Marvin Arrington, Jr., a member of the Fulton County Board of Commissioners, related to conduct he allegedly exhibited during his representation of a criminal defendant. At the relevant times herein, Appellees held various positions on the Fulton County Board of Ethics.[1]

In March 2021, Appellees held a hearing on the ethics complaint filed against Arrington and concluded that they lacked probable cause to believe that he violated

---

[1] Appellees are Daraka Satcher, chairman; Louis Levenson, vice chairman; Benjamin E. Fox, member; Carrie C. Foster, secretary; and Thomas Sampson II, counsel for the Fulton County Board of Ethics.

the Fulton County Code of Ethics in his capacity as a member of the Fulton County Board of Commissioners. In so doing, Appellees explicitly stated that they had not listened to certain audio recordings of telephone calls between Arrington and his incarcerated client that a local news organization had obtained through the Open Records Act; although the recordings purportedly supported certain allegations made against Arrington in the ethics complaint, Appellees expressed concern the recordings may have been protected by attorney-client privilege.

In April 2022, Appellees filed a declaratory judgment action against Arrington seeking a determination that the telephone recordings were not protected by attorney-client privilege.[2] They later dismissed that action.

In February 2023, Arrington filed an ethics complaint against Appellees based on (1) their failure to dismiss the ethics complaint pending against him after they determined that they lacked probable cause; and (2) an alleged conflict of interest

---

[2] A copy of the declaratory judgment complaint is not contained in the appellate record but is referenced in the trial court's order.

created by their filing of the declaratory judgment action against him.[3] Appellees never held a hearing on Arrington's complaint.

In December 2023, Arrington filed the instant petition for writ of mandamus against Appellees. After undergoing several amendments, Arrington's petition sought, as relevant to this appeal, a court order requiring them to (1) hold a hearing on his ethics complaint; and (2) recuse from all future ethics complaints against him.[4] The trial court denied the petition as to these counts. This appeal followed.

1. Arrington argues the trial court erred by denying his request for a court order requiring Appellees to hold a hearing on his ethics complaint. Specifically, he contends that a hearing was mandated under the Fulton County Code of Ethics, contained within the Fulton County Code of Ordinances. Arrington failed, however, to include in the record a certified copy – or any copy – of the governing ordinance. "City and county ordinances must be alleged and proven in order to be considered by the superior and appellate courts of this State." *Whitfield v. City of Atlanta*, 296 Ga.

---

[3] A copy of Arrington's ethics complaint filed against Appellees is not contained in the appellate record but is referenced in the trial court's order.

[4] The petition also sought an order requiring Appellees to dismiss the 2020 ethics complaint against Arrington, which the trial court granted, and prohibiting Appellees from listening to the telephone recordings, which the trial court denied.

641, 641 (769 SE2d 76) (2015). "The proper method of proving a city ordinance is production of the original ordinance or a certified copy thereof." Id.

Without a proper presentation of the ordinance at issue, we cannot consider Arrington's claim, and it appears that the trial court erred to the extent that it did so. See *Whitfield*, 296 Ga. at 641 ("Neither the superior courts nor the appellate courts can adjudicate a claim or defense based on a city ordinance unless the ordinance has been properly presented."); *Woodstone Townhouses v. Southern Fiber Worx,* 358 Ga.App. 516, 524(1) (855 SE2d 719) (2021) (same). See also *Bailey v. McIntosh County*, 322 Ga. 602, 615-16(3) (921 SE2d 382) (2025). We, therefore, vacate the trial court's order as it relates to Appellees' alleged violation of the Fulton County Code of Ethics. See *Whitfield,* 296 Ga. at 642.

2. Arrington further argues the trial court erred by refusing to issue a writ of mandamus requiring Appellees to recuse themselves prospectively from all future ethics matters involving him, asserting that Appellees created a conflict of interest by

filing the declaratory judgment action against him.[5] The trial court denied Arrington's request after concluding that it was too speculative.

> Mandamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy. It is a discretionary remedy that courts may grant only when the petitioner has a clear legal right to the relief sought or the public official has committed a gross abuse of discretion.

*R.A.F. v. Robinson*, 286 Ga. 644, 646(1) (690 SE2d 372) (2010) (punctuation omitted).

Arrington cannot establish that he has a clear legal right to relief for allegedly wrongful conduct that has not yet occurred and may never occur. "Mandamus will not be granted when it is manifest that the writ would, for any cause, be nugatory or fruitless, nor will it be granted on a mere suspicion or fear, before a refusal to act or the doing of a wrongful act." OCGA § 9-6-26.

In the event a conflict of interest arises in a future action, Arrington can request that Appellees, if appropriate, recuse themselves. But Arrington has failed to

---

[5] Arrington also argues that Appellees are required to recuse themselves from future actions under the Georgia Judicial Code of Conduct. He failed to raise this argument in the trial court, however, and we will not consider it for the first time on appeal. See *Southeast Georgia Health Sys v. Berry*, 362 Ga. App. 422, 425 n.4 (868 SE2d 820) (2022).

demonstrate that the trial court abused its discretion by refusing to mandate future acts of recusal. See id; *Love v. Fulton County Board of Tax Assessors*, 311 Ga. 682, 694-95(3)(a) (859 SE2d 33) (2021); *Burke County v. Askin*, 291 Ga. 697, 702(4) (732 SE2d 416) (2012).

*Judgment affirmed in part, vacated in part. Brown, C. J., and Mercier, J., concur.*